Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

District of Columbia

|  |  |  |
|---|---|---|
| Neil Anand,<br>and<br>Lesly Pompy | ) | Case: 1:21–cv–01635 JURY DEMAND<br>Assigned To : Kollar–Kotelly, Colleen<br>Assign. Date : 6/11/2021<br>Description: FOIA/Privacy Act (I–DECK) |
| _____<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>) |  |
| –v– | )<br>) |  |
| U.S. Department of Health and Human Services,<br>and<br>Drug Enforcement Administration | )<br>)<br>)<br>) |  |
| _____<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | )<br>)<br>)<br>)<br>) |  |

## COMPLAINT AND REQUEST FOR INJUNCTION

**I.    The Parties to This Complaint**

  **A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | | |
|---|---|---|
| Name | Neil Anand | Lesly Pompy |
| Street Address | 1313 Cheltenham Drive | 533 N. Monroe St |
| City and County | Bensalem, Bucks County | Monroe, Monroe County |
| State and Zip Code | Pennsylvania, 19020 | Michigan, 48162 |
| Telephone Number | 267-934-9784 | 734-819-0634 |
| E-mail Address | cardiacgasman@gmail.com | pompypain@gmail.com |

  **B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

    Name                         U.S. Department of Health and Human Services

    Job or Title *(if known)*

    Street Address               200 Independence Ave., S.W.

    City and County            Washington, DC

    State and Zip Code        Washington, DC 20201-0004

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                         Drug Enforcement Administration

    Job or Title *(if known)*

    Street Address               600 Army Navy Dr,

    City and County            Arlington

    State and Zip Code        Virginia, 22202

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

   ☑ Federal question                    ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
5 U.S.C. § 552(a)(4)(B),
28 U.S.C. § 1331,
28 U.S.C. § 2201(a),
28 U.S.C. § 1391

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

   a.    If the plaintiff is an individual

   The plaintiff, *(name)*  Neil Anand                        , is a citizen of the State of *(name)*  Pennsylvania              .

   b.    If the plaintiff is ~~a corporation~~ an individual

   The plaintiff, *(name)*  Lesly Pompy              , is ~~incorporated~~ a citizen of the ~~under the laws of the~~ State of *(name)*   Michigan                      ,

   and has its principal place of business in the State of *(name)*

   _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

   a.    If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

      b.     If the defendant is a corporation

          The defendant,  *(name)* _____ , is incorporated under

          the laws of the State of *(name)* _____ , and has its

          principal place of business in the State of *(name)* _____ .

          Or is incorporated under the laws of *(foreign nation)* _____ ,

          and has its principal place of business in *(name)* _____ .

        *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.     The Amount in Controversy

        The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

        _____

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

    A.    Where did the events giving rise to your claim(s) occur?

        Freedom of Information Act (FOIA) request to the Department of Health and Human Services (HHS), Office of Inspector General  OIG), Drug Enforcement Administration (please see attached documents) seeking copies of all information:
        1. concerning data analytics algorithms used in the Pill Mill  Doctor Project
        2. all reports and work products generated by contractor Qlarant Corporation including but not limited to the Pill Mill Doctor Project
        3. statement of work and official contracts of Qlarant Corporation
        4. all reports from Blue Cross Blue Shield Corporation to OIG concerning improper prescribing of opiates

    B.    What date and approximate time did the events giving rise to your claim(s) occur?

        From April 17, 2021 ongoing. (please see attached documents)
        Appeals Filed With Following
        1. News Director, U.S. Department of Health and Human Services, Assistant  Secretary for Public Affairs, FOI/Privacy Act Division, Suite 729H, 200 Independence Avenue, SW,  Washington, DC 20201
        2. FOIA Requester Service Center
        3. OGIS/ Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C.   What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?*
     *Was anyone else involved?  Who else saw what happened?)*
     Blue Cross Blue Shield is violating United States Constitutional, Pennsylvania State Constitutional
     Rights, common laws, and statutory laws.  Blue Cross Blue Shield companies are acting dually as
     private Insurance Company and also as a State Actor in collusion with USDOJ and Health and Human
     Services (HHS) pertaining to the treatment of patients with controlled substances. Blue Cross Blue
     Shield acted with the common goals of 1) achieving pecuniary gain, 2) premeditated acts undermining
     the 4th  and 14th Amendments through illegal data mining and data analysis of confidential patient
     records from numerous physicians around the country, 3) racial targeting of dark skinned, non-white
     physicians with unproven data analytic programs, 4) surreptitiously duping of Medicare, Office of
     Inspector General and Executive Branch of U.S. Government, through utilization of defectively
     constructed mathematics algorithms, into prosecuting innocent physicians who treat painful diseases.

IV.   **Irreparable Injury**

      Explain why monetary damages at a later time would not adequately compensate you for the injuries you
      sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation
      could not be measured.

V.    **Relief**

      State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal
      arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include
      the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any
      punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
      punitive money damages.
      Plaintiffs have a statutory right to the requested records, and there is no legal basis
      for Defendants failure to make them available to Plaintiffs.
      WHEREFORE, Plaintiffs Demand for Relief includes request that this Court:

      1. Declare that Defendants failure to disclose the records requested by Plaintiffs is
      unlawful;
      2. Order Defendants to make the requested records available to Plaintiffs;
      3. Award Plaintiffs its costs and reasonable fees in this action; and
      4. Grant such other and further relief as the Court deems just and proper.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          05/13/2021

Signature of Plaintiff

Printed Name of Plaintiff     Neil Anand ;  Lesly Pompy

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------------

Plaintiffs:

Neil Anand

1313 Cheltenham Drive

Bensalem, PA, 19020

&

Lesly Pompy

533 N. Monroe St.

Monroe, MI 48162

V.                                                    Civil Action No._____

Defendants:

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES

200 Independence Ave., S.W.

Washington, DC 20201-0004

&

Drug Enforcement Administration

600 Army Navy Dr.

Arlington, Virginia 22202

-------------------------------------------------------------------------

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (Addendum)

Plaintiffs, Anand and Pompy, bring this action for declaratory and injunctive relief, alleging as follows:

## Nature of Action

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to compel the production of certain agency records related to Medicare, Qlarant Corporation, Blue Cross Blue Shield, Office of Inspector General (OIG) , Drug Enforcement Agency (DEA).

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B),  28 U.S.C. § 1331, and 28 U.S.C. § 2201(a).

3. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §  1391.

**Parties**

4. Plaintiffs, Anand and Pompy are physicians interested in Medicare, Blue Cross Blue Shield Association, Blue Cross Blue Shield of Michigan, Independence Blue Cross, among other Blue Cross Blue Shield Franchisees, Qlarant Corporation, waste fraud and abuse, spending, billing, and controlled substances issues.

5. Plaintiff are interested in all data analytics algorithms used in Pill Mill Doctor Project, Waste Fraud and Abuse, Medicare Opiate Risk Tool" Pill Mill Risk Analysis'' software and other Health Care Fraud Prevention and Enforcement Action Team (HEAT) initiatives. ), seeking copies of all information concerning data analytics algorithms used in the Pill Mill Doctor Project; all reports and work products generated by contractor Qlarant Corporation concerning the Pill Mill Doctor Project; statement of work and official contract of Qlarant Corporation; all reports from Blue Cross Blue Shield Corporation to OIG concerning improper prescribing of opiates by specific physicians.

6. Plaintiffs are the requesters of the withheld records.

7. Defendant, U.S. Department Of Health and Human Services ("HHS"), and Drug Enforcement Agency are bureaus of the United States. The Centers for Medicare and Medicaid Services ("CMS") is a component agency of Defendant HHS. Defendants have possession of and control over the records that plaintiffs seek.

**Plaintiffs Freedom of Information Request**

8. By written letter and electronic FOIA fillings, dated May 11, 2021, addressed to Defendants, Plaintiffs requested copies of the following records, preferably in electronic format, along with any associated documentation:

> • Copies of all investigations, reports, audits, correspondence and emails and all  other records pertaining to effects of electronic health records and other digital  billing systems on medical coding, data analytics, Blue Cross Blue Shield and Pill Mill Doctor Project. Also requested are records of meetings over the past five years in which these issues were discussed, including meeting calendars identifying persons involved, location and dates of meetings, matters discussed, statements of work and results.

> • Copies of all investigations, reports, audits, correspondence and emails and all other records pertaining to opioids or targeting of physicians related to risk scoring and data analytics at Medicare plans and any records concerning requests for investigation, and other policy memoranda and records concerning any other Medicare OIG HEAT Team initiatives.

• All records of meetings over the past five years in which Qlarant, opiate prescribing, Subsys, and Pill Mill Doctor Project issues were discussed including meeting calendars identifying persons present, location and dates of meetings, matters discussed and results, including issues involving electronic health records and risk scoring.

• All data showing methodology used to create annual National Committee for Quality Assurance (NCQA) "report cards" of Medicare Blue Cross Blue Shield contractors by plan since 2009. This includes a breakdown of individual Blue Cross Contractors and/or Qlarant corporation reported by plan, total payments to the contractors and amounts for each contractor. This is not a request for patient names. Copies of all investigations, reports, audits, correspondence and emails and all other records involving changes in "report card calculations" by individual Blue Cross plans also are requested. Also requested is a copy of the agency database that records risk scores of physicians and data algorithms used by Health Medic or Qlarant Corporation by year.

• All records designating "high risk" opiate prescribers or high risk waste fraud and abuse providers, including the rationale for the designation, as well as copies of all pilot audits and targeted audits of risk scoring and other matters. Also requested are all records pertaining to enforcement actions, or complaints alleging quality of care concerns, and resolution.

• All Congressional correspondence, records of meetings and all other documents related to discussions of HEAT initiatives, Qlarant, or OIG program policies or issues, including risk scoring, enforcement actions, quality of care concerns, awarding of stars and the impact of electronic health records on data algorithms pertaining to controlled substances and health care fraud.

• Quality Improvement Organizations' (QIOs) Learning and Action Networks and evidence-based best practices for management of high-risk medications such as opioids to recruited providers and practitioners.

• Conduct stakeholder engagement activities on additional pharmacy drug utilization strategies and actions Medicaid programs can take to address opioid prescription misuse and abuse.

• White House Social and Behavioral Sciences Team (SBST) facilitated collaborative research with CMS

• Overutilization Monitoring System (OMS) that provides Part D plans with quarterly reports on high risk beneficiaries;

• Medicare Part D Opioid Prescriber Summary Files that presents information on the individual opioid prescribing rates (for new prescriptions as well as refills) of prescribers that prescribe Part D drugs and public data set that provides information on (1) the number and percentage of prescription claims for opioid drugs, and (2) each provider's name, specialty, state, and zip code. The files that can be used to explore the impact of prescribing practices of controlled substances on vulnerable populations.

• National Benefit Integrity Medicare Drug Integrity Contractor (NBI MEDIC) proactive data analysis to identify potential fraud, waste and abuse involving controlled substances. Data analyses includes:

identifying trends, anomalies, and questionable physician and pharmacy practices involving prescription opioids in order to identify outliers, and recover improper payments, as well as make referrals to law enforcement including Quarterly Pharmacy Risk Assessment, which categorizes pharmacies as high, medium, or low risk; Prescriber Risk Assessment, which provides a peer comparison of Schedule II controlled substances; "Trio Prescriber" initiative, which identifies providers who prescribe beneficiaries a combination of an opioid, benzodiazepine, and the muscle relaxant carisoprodol; and Identified improper payments for drugs inappropriately covered under the Part D program without a prior authorization; for example, Transmucosal Immediate Release Fentanyl (TIRF).

• Annual Medicaid fee-for-service agency reports on state drug utilization review (DUR) program activities and processes within the CMS Medicaid Drug Utilization Review State Comparison/Summary Report; activities and processes that Medicaid agencies use to ensure appropriate opioid utilization including placing quantity limits on opioids, monitoring the concurrent use of opioids and benzodiazepines, employing PDMP requirements, and using tools that measure morphine milligram equivalents (MME) per day.

9. By letter dated May 11, 2021, Robin Brooks, Director, Division of Freedom of Information, CMS, acknowledged receipt of Plaintiffs request.

10. Defendants have not yet issued a determination with respect to Plaintiff's appeal.

11. More than twenty working days have passed since Defendants received Plaintiffs FOIA request for appeal. Plaintiffs have therefore exhausted all applicable administrative remedies.

12. Plaintiffs have a statutory right to the requested records, and there is no legal basis for Defendants failure to make them available to Plaintiffs.

13. Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). Limitations of FOIA requests via blanket denials by the agencies have previously been overturned by this court quoting, "**Obviously, where all investigatory subjects are already aware of an investigation's pendency, the "tip off" harm sought to be prevented through this record exclusion is not of concern. Accordingly, the language of this exclusion expressly obliges agencies contemplating its use to consider the level of awareness already possessed by the investigative subjects involved. Agencies must make this determination according to a good-faith, "reason to believe" standard. Furthermore, once a law enforcement matter reaches a stage at which all subjects are aware of its pendency, or at which the agency otherwise determines that the public disclosure of that pendency no longer could lead to harm, the exclusion should be regarded as no longer applicable. If the FOIA request that triggered the agency's use of the exclusion remains pending administratively at such time,**

the excluded records should be identified as responsive to that request and then processed in an ordinary fashion."

14. According to a detailed reading of 5 U.S.C. § 552(c) (2006 & Supp. IV (2010) there is no reasonable reason why Plaintiffs FOIA requests should be denied by Defendants.

15. Plaintiffs are requesting this information under FOIA law because based on information and belief that Drug Enforcement Agency and Health and Human Services contractors: Blue Cross Blue Shield, Appriss Health, and Qlarant Corporation are engaged in duping, fraud, hoaxes and numerous intentional violations of state and federal law against unwitting and unassuming Defendants.

16. Plaintiffs are in the process of drafting whistleblower and qui tam action against Blue Cross Blue Shield, Appriss Health, and Qlarant on behalf of the United States of America, Health and Human Services, CMS Medicare, and Drug Enforcement Agency. Plaintiffs require the information requested post-haste. A delay in the granting of Plaintiff's request will Plaintiff's whistleblower and qui tam actions and delay justice.

<u>**Demand for Relief**</u>

WHEREFORE, Plaintiffs request that this Court:

1. Declare that Defendant's failure to disclose the records requested by Plaintiffs is unlawful;

2. Order Defendant to make the requested records available to Plaintiffs;

3. Award Plaintiffs its costs and fees in this action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Neil Anand

1313 Cheltenham Drive

Bensalem, PA, 19020

Date 5/17/2021

Lesly Pompy

533 N. Monroe St.

Monroe, MI 48162

Date 5/17/2021

# Exhibit

# A

## Appendix:   Summary of Highlighted Current Projects

Across these four priority areas, over 40 CMS projects are currently underway, spanning education, policy, data transparency, quality improvement, and technical assistance.  These initiatives target beneficiaries, clinicians, states, and other payers.  Representative examples are described below. CMS is committed to building on existing activities and achieving significant progress toward accomplishing our objectives. We are also seeking opportunities for inter-agency collaboration to accelerate our response to the opioid epidemic.

*Note: Asterisks in table indicate that the named project is also linked to another Objective, which is listed after the asterisk for quick reference.*

| Priority Area | Objective | Projects |
|---|---|---|
| Implement more effective person-centered and population-based strategies to reduce risk of opioid use disorders, overdoses, inappropriate prescribing, and drug diversion. | 1-1: Promote use of evidence-based opioid prescribing guidelines to the health care community | Quality Improvement Organizations' (QIOs) Learning and Action Networks promote and disseminate evidence-based best practices for management of high-risk medications such as opioids to recruited providers and practitioners.  The QIO Program also began a national campaign focused on gathering and spreading best practices from the perspective of beneficiaries, patients, advocates, and caregivers. |
| | 1-2: Develop additional tools for states, beneficiar-ies, providers, and other stakeholders to use opioids appropriately | Provide informational inserts with Explanations of Benefits (EOBs) for Part C & D beneficiaries that address prescription drug misuse and abuse and proper disposal to raise awareness of these issues.

Released an informational bulletin to state Medicaid agencies on preventing opioid-related harms

Conduct stakeholder engagement activities on additional pharmacy drug utilization strategies and actions Medicaid programs can take to address opioid prescription misuse and abuse |

January 5, 2017

Centers for Medicare & Medicaid Services (CMS)
Opioid Misuse Strategy

| Priority Area | Objective | Projects |
|---|---|---|
| | | White House Social and Behavioral Sciences Team (SBST) facilitated collaborative research with CMS to study the effects of an informative letter to providers on reducing inappropriate prescribing of drugs with a high likelihood of abuse to beneficiaries enrolled in Medicare Part D. Language that is identified as effective in the current letter, focused on an atypical antipsychotic,[43] may be adapted to future messaging campaigns about opioids. *1-3 |
| | | For prescribers and pharmacists, CMS developed the following publications: *Prescription Opioids: An Overview for Prescribers and Pharmacists, Buprenorphine: A Primer for Prescribers and Pharmacists,* and *What is a Prescriber's Role in Preventing the Diversion of Prescription Drugs?* |
| | | Overutilization Monitoring System (OMS) provides Part D plans with quarterly reports on high risk beneficiaries; in turn, sponsors provide CMS with their review of each beneficiary's case to demonstrate that they have established reasonable and appropriate drug utilization management programs.*1-3 |
| | 1-3: Provide stakeholders with accurate, timely, and actionable information on how to use clinical and pharmaceutical data to decrease overdoses | Medicare Part D Opioid Prescriber Summary File presents information on the individual opioid prescribing rates (for new prescriptions as well as refills) of prescribers that prescribe Part D drugs. This public data set provides information on (1) the number and percentage of prescription claims for opioid drugs, and (2) each provider's name, specialty, state, and zip code.  The file can be used to explore the impact of prescribing practices of controlled substances on vulnerable populations. |
| | | White House Social and Behavioral Sciences Team (SBST) facilitated collaborative research with CMS to study the effects of an informative letter to providers on reducing inappropriate prescribing of drugs with a high likelihood of abuse to beneficiaries enrolled in Medicare Part D. Language identified as effective in the current letter, focused on an atypical antipsychotic,[42] may be adapted to future messaging campaigns about opioids.*1-2 |

---

[43] Sacarny, A., Le, J., Tetkoski, F., Yokum, D., Agrawal, S. (2016).  Effect of Review Notification Letters on the Volume and Guideline-Conformity of Quetiapine Prescribing: A Randomized Clinical Trial. Unpublished study.

January 5, 2017

Centers for Medicare & Medicaid Services (CMS)
Opioid Misuse Strategy

| Priority Area | Objective | Projects |
|---|---|---|
| | | National Benefit Integrity Medicare Drug Integrity Contractor (NBI MEDIC) conducts proactive data analysis to identify potential fraud, waste and abuse involving controlled substances. Data analyses include identifying trends, anomalies, and questionable physician and pharmacy practices involving prescription opioids in order to identify outliers, educate plan sponsors, and recover improper payments, as well as make referrals to law enforcement when appropriate. Examples include:<br>• Quarterly Pharmacy Risk Assessment, which categorizes pharmacies as high, medium, or low risk;[1-4]<br>• Prescriber Risk Assessment, which provides a peer comparison of Schedule II controlled substances;[1-4]<br>• "Trio Prescriber" initiative, which identifies providers who prescribe beneficiaries a combination of an opioid, benzodiazepine, and the muscle relaxant carisoprodol; and<br>• Identified improper payments for drugs inappropriately covered under the Part D program without a prior authorization; for example, Transmucosal Immediate Release Fentanyl (TIRF).[1-4] |
| | | Overutilization Monitoring System (OMS) provides Part D health plans with quarterly reports on high risk beneficiaries; in turn, sponsors provide CMS with their review of each beneficiary's case to demonstrate that they have established reasonable and appropriate drug utilization management programs.[1-2] |
| | | Facilitate sharing of de-identified data among health plans in an effort to identify fraud schemes and potential inappropriate prescribers. Part D plans can use CMS's information sharing platform to identify leads for their own internal investigations and can report actions they have taken. [1-4] |

Centers for Medicare & Medicaid Services (CMS)
Opioid Misuse Strategy

| Priority Area | Objective | Projects |
|---|---|---|
| chronic pain management. | evidence-based pain management | Through Hospital Improvement Innovation Networks, promoting hospital-based interventions (*e.g.*, Electronic Medical Record protocols, trainings, webinars, and education) that could potentially lead to improved outcomes by reducing the incidence of adverse drug events related to opioids. An example of one such educational effort is the ABIM Foundation's *Choosing Wisely®* Program, which facilitates conversations between patients and providers regarding medication choices, especially non-opioid options for treatment. |
| | | Provide informational inserts with Explanations of Benefits (EOBs) for Part C & D beneficiaries that address prescription drug misuse, abuse, and proper disposal to raise awareness of these issues. |
| | 4-2: Encourage the use of non-pharmacologic therapies, non-opioid pharmaceuticals, and multi-modal analgesia (MMA) as first options for pain management | Collaborate with HHS on the opioid research strategy: Identify services that need more evidence to support coverage by Medicare and other health plans (collaborate with research-focused HHS agencies) |

Centers for Medicare & Medicaid Services (CMS)
Opioid Misuse Strategy

| Priority Area | Objective | Projects |
|---|---|---|
| | **1-4:** Provide stakeholders with accurate and timely information and tools to decrease the occurrence of drug diversion | National Benefit Integrity Medicare Drug Integrity Contractor (NBI MEDIC) conducts proactive data analysis to identify potential fraud, waste and abuse involving controlled substances. Data analyses include identifying trends, anomalies, and questionable physician and pharmacy practices involving prescription opioids in order to identify outliers, educate plan sponsors, and recover improper payments, as well as make referrals to law enforcement when appropriate. Examples include: <br>• Quarterly Pharmacy Risk Assessment, which categorizes pharmacies as high, medium, or low risk;*1-3 <br>• Prescriber Risk Assessment, which provides a peer comparison of Schedule II controlled substances;*1-3 <br>• Pill Mill Doctor Project, which identifies prescribers with a high risk of fraud, waste and abuse in prescribing Schedules II-IV controlled substances; <br>• Identified improper payments for drugs inappropriately covered under the Part D program without a prior authorization; for example, Transmucosal Immediate Release Fentanyl (TIRF).*1-3 |

# Exhibit

# B

April 29, 2021

Neil Anand
Institute of Advanced Medicine & Surgery
1313 Cheltenham Drive
Bensalem PA 19020

Dear News Director, U.S. Department of Health and Human Services, Assistant Secretary for Public Affairs,

      I would like to appeal the attached response from Robin R. Brooks Director Freedom of Information, to my April 17, 2021, Freedom of Information Act (FOIA) request submitted to the Department of Health and Human Services (HHS), Office of Inspector General OIG), seeking copies of all information concerning data analytics algorithms used in the Pill Mill Doctor Project; all reports and work products generated by contractor Qlarant Corporation concerning the Pill Mill Doctor Project; statement of work and official contract of Qlarant Corporation; all reports from Blue Cross Blue Shield Corporation to OIG concerning improper prescribing of opiates by specific physicians and all reports of OIG concerning Neil Anand or Institute of Advanced Medicine and Surgery.

      Ms. Brook's office denied the entirety of my numerous different requests for information. Ms. Brook's office has been informed that there is an open and ongoing investigation concerning the subject of your request and therefore, is denying the requested records under FOIA Exemption (b)(7)(A). Exemption (b)(7)(A) permits the withholding of investigatory records compiled for law enforcement purposes when disclosure could reasonably be expected to interfere with enforcement proceedings.

1. Ms. Brook's office explained that if I have reason to believe that any denied portions should not be exempt from disclosure, that I may appeal, and that my appeal must be postmarked or electronically transmitted within 90 days from the date of this letter, to News Director, U.S. Department of Health and Human Services, Assistant Secretary for Public Affairs, FOI/Privacy Act Division, Suite 729H, 200 Independence Avenue, SW, Washington, DC 20201. Clearly mark both the envelope and your letter "Freedom of Information Act Appeal." I plan on appealing my FOIA request in this document.

2. Ms. Brook's also gave me the option of contacting my FOIA Requester Service Center at 202.619.2541 or FOIA@oig.hhs.gov, for any further assistance or to discuss any aspect of your request. I made numerous requests for information under FOIA, all of which were denied by your office. It is highly unlikely that the entirety of my request would impact any investigation and therefore I formally request all documents unrelated to any investigation be forwarded to me immediately.

3. Additionally, I was given the option to contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. I plan on contacting the OGIS/ Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov, telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202- 741-5769.

Ms. Brook's office explained that Congress excluded three discrete categories of law enforcement and national  security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV  (2010).  This document specifically explains that, **"Obviously, where all investigatory subjects are already aware of an investigation's pendency, the "tip off" harm sought to be prevented through this record exclusion is not of concern. Accordingly, the language of this exclusion expressly obliges agencies contemplating its use to consider the level of awareness already possessed by the investigative subjects involved.  Agencies must make this determination according to a good-faith, "reason to believe" standard. Furthermore, Once a law enforcement matter reaches a stage at which all subjects are aware of its pendency, or at which the agency otherwise determines that the public disclosure of that pendency no longer could lead to harm, the exclusion should be regarded as no longer applicable.  If the FOIA request that triggered the agency's use of the exclusion remains pending administratively at such time, the excluded records should be identified as responsive to that request and then processed in an ordinary fashion."**

According to a detailed reading of 5 U.S.C. § 552(c) (2006 & Supp. IV  (2010) there is no reasonable reason why my FOIA request should be denied.  I am requesting this information under FOIA law because based on information and belief the Medicare HHS contractors: Blue Cross Blue Shield, Appriss Health, and Qlarant are engaged in fraud, hoaxes and numerous violations of state and federal law.

I am in the process of drafting a whistleblower and qui tam action against Blue Cross Blue Shield, Appriss Health, and Qlarant on behalf of the United States of America and Health and Human Services Medicare.  This is why I require the information requested post-haste.  A delay in the granting of my request will delay my whistleblower and qui tam actions and delay justice.  I therefore am appealing your standard blanket denial of the entirety of my request.

Please reconsider and GRANT my Freedom of Information Act (FOIA) request to Department of Health and Human Services (HHS), Office of Inspector General  (OIG) seeking copies of all general information unrelated to any investigation including:
1. data analytics algorithms used in the Pill Mill  Doctor Project
2. all reports and work products generated by contractor Qlarant Corporation concerning the Pill Mill Doctor Project
3. statement of work and official contracts of Qlarant  Corporation
4. all reports from Blue Cross Blue Shield Corporation to OIG concerning improper prescribing of opiates by specific physicians
5. statements of work for Blue Cross Blue Shield Medicare contractors
6. statements of work and official contracts of Appriss organization

Respectfully Submitted,

Neil Anand

April 29, 2021

Neil Anand
Institute of Advanced Medicine & Surgery
1313 Cheltenham Drive
Bensalem PA 19020

Dear Robin R. Brooks Director Freedom of Information,

Thank you for your response to my April 17, 2021, Freedom of Information Act (FOIA) request submitted to the Department of Health and Human Services (HHS), Office of Inspector General OIG), seeking copies of all information concerning data analytics algorithms used in the Pill Mill Doctor Project; all reports and work products generated by contractor Qlarant Corporation concerning the Pill Mill Doctor Project; statement of work and official contract of Qlarant Corporation; all reports from Blue Cross Blue Shield Corporation to OIG concerning improper prescribing of opiates by specific physicians and all reports of OIG concerning Neil Anand or Institute of Advanced Medicine and Surgery.

Your office denied the entirety of my numerous different requests for information. Your office has been informed that there is an open and ongoing investigation concerning the subject of your request and therefore, is denying the requested records under FOIA Exemption (b)(7)(A). Exemption (b)(7)(A) permits the withholding of investigatory records compiled for law enforcement purposes when disclosure could reasonably be expected to interfere with enforcement proceedings.

1.  Your office explained that if I have reason to believe that any denied portions should not be exempt from disclosure, that I may appeal, and that my appeal must be postmarked or electronically transmitted within 90 days from the date of this letter, to News Director, U.S. Department of Health and Human Services, Assistant Secretary for Public Affairs, FOI/Privacy Act Division, Suite 729H, 200 Independence Avenue, SW, Washington, DC 20201. Clearly mark both the envelope and your letter "Freedom of Information Act Appeal." I plan on appealing my FOIA request in this document.
2.  You also gave me the option of contacting my FOIA Requester Service Center at 202.619.2541 or FOIA@oig.hhs.gov, for any further assistance or to discuss any aspect of your request. I made numerous requests for information under FOIA, all of which were denied by your office. It is highly unlikely that the entirety of my request would impact any investigation and therefore I formally request all documents unrelated to any investigation be forwarded to me immediately.
3.  Additionally, I was given the option to contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. I plan on contacting the OGIS/ Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov, telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202- 741-5769.

Your office explained that Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This document specifically explains that, "**Obviously, where all**

investigatory subjects are already aware of an investigation's pendency, the "tip off" harm sought to be prevented through this record exclusion is not of concern. Accordingly, the language of this exclusion expressly obliges agencies contemplating its use to consider the level of awareness already possessed by the investigative subjects involved.  Agencies must make this determination according to a good-faith, "reason to believe" standard. Furthermore, Once a law enforcement matter reaches a stage at which all subjects are aware of its pendency, or at which the agency otherwise determines that the public disclosure of that pendency no longer could lead to harm, the exclusion should be regarded as no longer applicable.  If the FOIA request that triggered the agency's use of the exclusion remains pending administratively at such time, the excluded records should be identified as responsive to that request and then processed in an ordinary fashion."

According to a detailed reading of 5 U.S.C. § 552(c) (2006 & Supp. IV  (2010) there is no reasonable reason why my FOIA request should be denied.  I am requesting this information under FOIA law because based on information and belief the Medicare HHS contractors: Blue Cross Blue Shield, Appriss Health, and Qlarant are engaged in fraud, hoaxes and numerous violations of state and federal law.

I am in the process of drafting a whistleblower and qui tam action against Blue Cross Blue Shield, Appriss Health, and Qlarant on behalf of the United States of America and Health and Human Services Medicare.  This is why I require the information requested post-haste.  A delay in the granting of my request will delay my whistleblower and qui tam actions and delay justice.  I therefore am appealing your standard blanket denial of the entirety of my request.

Please reconsider and GRANT my Freedom of Information Act (FOIA) request to Department of Health and Human Services (HHS), Office of Inspector General  OIG) seeking copies of all general information unrelated to any investigation including:
> 1. data analytics algorithms used in the Pill Mill  Doctor Project
> 2. all reports and work products generated by contractor Qlarant Corporation concerning the Pill Mill Doctor Project
> 3. statement of work and official contracts of Qlarant  Corporation
> 4. all reports from Blue Cross Blue Shield Corporation to OIG concerning improper prescribing of opiates by specific physicians
> 5. statements of work for Blue Cross Blue Shield Medicare contractors
> 6. statements of work and official contracts of Appriss organization

Respectfully Submitted,

*Neil Anand*

Neil Anand

## Certificate of Service

Plaintiffs Neil Anand and Lesly Pompy, hereby certify that on the date set forth below a copy of the foregoing was filed with clerk of courts.  Notice of this filing will be sent to all parties by regular mail.

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES

200 Independence Ave., S.W.

Washington, DC 20201-0004

&

Drug Enforcement Administration

600 Army Navy Dr.

Arlington, Virginia 22202

_____

Neil Anand

1313 Cheltenham Drive

Bensalem, PA, 19020

&

Lesly Pompy

533 N. Monroe St.

Monroe, MI 48162

05/09/2021

Date



U.S. POSTAGE PAID
FCM LG ENV
BENSALEM, PA
19020
JUN 09 '21
AMOUNT
**$2.80**
R2303K139470-10

FIRST CLASS

1000      20001

Clerk, U.S. District Court
333 Constitution Ave, NW
Washington, DC 20001
(202) 354-3000

Neil Anand
1313 Cheltenham Drive
Bensalem, PA, 19020