UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NEIL ANAND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-1635 (CKK) |
| | ) | |
| U.S. DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' SECOND MOTION

## FOR SUMMARY JUDGMENT

Neil Anand ("Plaintiff"), *Pro Se*, responds to U.S. Department of Health and Human

Services and Drug Enforcement Administration ("Defendants"), Second Motion for Summary

Judgment (ECF 91) in this Freedom of Information Act ("FOIA") litigation.

### Introduction and Summary of Argument

Plaintiff Neil Anand opposes U.S. Department of Health and Human Services ("HHS")

and Drug Enforcement Administration ("DEA"), move for summary judgment (ECF 91) in this

Freedom of Information Act ("FOIA") case.  Pursuant to the Court's April 10, 2023, Order (ECF

90), Defendant's motion (ECF 91) addresses a single issue, on whether the part of Plaintiff

Anand's FOIA request to the Department that seeks "all reports from Blue Cross Blue Shield



RECEIVED

MAY 05  2023

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

corporation to [the Department's Office of Inspector General] concerning improper prescribing of opiates by specific physicians" is unduly burdensome.

Any public body claiming an exemption under FOIA has the burden of proving by clear and convincing evidence that the exemption is applicable. By claiming a request is unduly burdensome, a government agency implies that it will face a great burden identifying the documents.  As explained in the accompanying brief and supporting materials, the requested documents and materials are of great public interest and the **failure to disclose the requested documents would conceal corruption**, violating the intent, purpose, essential core, and spirit of the Freedom of Information Act.

Congress "broadly conceived" FOIA "to permit access to official information long shielded unnecessarily from public view and [ ] to create a judicially enforceable public right to secure such information from possibly unwilling official hands." *EPA v. Mink*, 410 U.S. 73, 80, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). To that end, "FOIA requires every federal agency, upon request, to make 'promptly available to any person' any 'records' so long as the request 'reasonably describes such records.'" *Assassination Archives*, 334 F.3d at 57 (quoting 5 U.S.C. § 552(a)(3)).  Under FOIA, an agency must undertake a search that is 'reasonably calculated to uncover all relevant documents.' *Weisberg v. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). The agency then is obligated to perform a "reasonable" search in response to the request framed by the requestor. *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986).  Consistent with this statutory mandate, federal courts have jurisdiction to order the production of records that an agency improperly withheld in violation of FOIA. See 5 U.S.C. § 552(a)(4)(B) ; *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).

FOIA is a comprehensive statutory scheme to resolve all issues associated with the release of government documents. Id. (citing *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C.Cir.2002). Unlike a "constitutionally compelled disclosure to a single party" during discovery in criminal litigation, *Cottone v. Reno*, 193 F.3d 550, 556 (D.C.Cir.1999), a FOIA disclosure is released to the public at large. See *Clay v. DOJ*, 680 F.Supp.2d 239, 248 (D.D.C.2010) (rejecting FOIA requester's due process argument "because the FOIA is not a substitute for discovery rules which govern civil and criminal litigation where 'different considerations' are at issue") (quoting *Stonehill v. IRS*, 558 F.3d 534, 538 (D.C.Cir.2009)).

The district court must analyze all underlying facts and inferences in the light most favorable to the FOIA requester. See *Willis v. DOJ*, 581 F.Supp.2d 57, 65 (D.D.C.2008) (citing *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C.1996)). Accordingly, summary judgment for an agency is appropriate only if the agency proves that it has "fully discharged its [FOIA] obligations[.]" *Moore*, 916 F.Supp. at 35 (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1382 (8th Cir.1985)).

The burden of establishing that disclosure would serve the public interest is on the requester. See FOIA Update, Vol. X, No. 2, at 7. Only information that will "shed light on an agency's performance of its statutory duties" is relevant to the public interest. *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). Information that does not directly reveal the federal government's activities is irrelevant. Id. at 775, 109 S.Ct. 1468. A showing of public interest requires "more than a bare suspicion" of official misconduct; "[r]ather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Barbosa v. Drug Enforcement Admin.*, 541 F.Supp.2d 108, 111 (D.D.C.2008) (quoting *Nat'l Archives &*

*Records Admin. v. Favish*, 541 U.S. 157, 174, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004)). Only then "will there be a counterweight on the FOIA scale for a court to balance against the cognizable privacy interests in the requested documents." *Favish*, 541 U.S. at 174–75, 124 S.Ct. 1570.

HHS failed to establish the adequacy of their search for records. HHS failed to provide an adequate factual basis for the District Court to rule on its summary judgment motion. This District Court presently lacks an adequate factual basis to rule on the applicability of HHS claimed exemptions or that FOIA Exemptions were properly met. Further Defendant HHS failed to establish all of the three necessary elements of an undue burden under FOIA, which are: 1) That compliance with the FOIA request as stated would be unduly burdensome; 2) That there was no way to narrow the requests; and 3) That the burden on the public body outweighs the public interest in the information requested.

Defendant HHS waived its right to claim a burdensome exemption. HHS also failed to reasonably confer with Plaintiff Anand to reduce Anand's request to manageable proportions. FOIA anticipates that requests for records may be so voluminous as to require an agency to carry an unusual workload, therefore FOIA requires requesters to reasonably describe the records sought. See 5 U.S.C. § 552(a)(3)(A). A request is sufficient "if it enable[s] a professional employee of the agency who [i]s familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Forsham v. Califano*, 587 F.2d 1128, 1141 (D.C.Cir.1978) aff'd sub nom. *Forsham v. Harris*, 445 U.S. 169, 100 S.Ct. 977, 63 L.Ed.2d 293 (1980) (quoting H.R.Rep. No. 876, 93d Cong., 2d Sess. 5–6 (1974)). "The linchpin inquiry is whether 'the agency is able to determine precisely what records are being requested.'" *Yeager v. DEA*, 678 F.2d 315, 326 (D.C.Cir.1982) (quoting S.Rep. No. 854, 93d Cong., 2d Sess. 10 (1974)).

The dominant objective of FOIA is disclosure, and exemptions are to be narrowly construed. *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989). Indeed, the Act puts no restrictions on the quantity of records that may be sought. In fact, the statute anticipates requests for voluminous records: When an agency is asked to "search for, collect, and appropriately examine a voluminous amount of separate and distinct records" it may have extra time to comply. 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Notably, the term "exceptional circumstances" generally does not include a delay that results from a predictable agency workload of requests under this section. Id. at § 552(a)(6)(C).

This Circuit has similarly ruled that the number of records requested appears to be irrelevant. See *Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 326 (D.C.Cir.1982) (rejecting the argument that a request for all the records within a particular computer system is overbroad); see also FOIA Update Vol. IV, No. 3, at 5 ("The sheer size or burdensomeness of a FOIA request, in and of itself, does not entitle an agency to deny that request on the ground that it does not 'reasonably describe' records within the meaning of 5 U.S.C. § 552(a)(3)(A) "). FOIA requests are frequently time-consuming and indeed it is not unusual for a search pursuant to FOIA to last over a year. *Int'l Counsel Bureau v. U.S. Dep't of Def.*, 723 F.Supp.2d 54, 60 (D.D.C.2010).

Lastly, FOIA requires certain agency determinations not merely to be provided upon written request, but to be made available continuously in the agency's reading room. 5 U.S.C. § 552(a)(2) ; *Church of Scientology of Cal. v. IRS*, 792 F.2d 153, 159 (D.C.Cir.1986) aff'd, 484 U.S. 9, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987) ; *Jordan v. DOJ*, 591 F.2d 753, 756 (D.C.Cir.1978) (en banc) (observing that subsection (a)(2) records must be made "automatically available for public inspection; no demand is necessary"). Such reading room records include "final opinions ... made in the adjudication of cases" and "statements of policy and interpretations which have

been adopted by the agency." 5 U.S.C. § 552(a)(2). The requirement "represents a strong

congressional aversion to 'secret law,' and represents an affirmative congressional purpose to

require disclosure of documents which have the force and effect of law." *NLRB v. Sears,*

*Roebuck, & Co.*, 421 U.S. 132, 153, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

The District Court held status conferences and although Plaintiffs in their Joint Status

Reports (ECF 9) requested a *Vaughn* index from the Defendants, stating that, "Plaintiffs have

provided US Department of Justice, FOIA requests with extreme particularity (Exhibits 3a, 3b)

to provide a timely response if there is a requirement for the Defendants prepare a *Vaughn* Index.

Plaintiffs desire a Vaughn Index."  The Defendants refused to produce a *Vaughn* index (named

after the D.C. Circuit's decision in *Vaughn v. Rosen*, 484 F.2d 820 D.C. Cir. 1973, that explains

the government's refusal to produce records requested under FOIA by "identifying each

document withheld, the statutory exemption claimed, and a particularized description of how

each document withheld falls within a statutory exemption." *Davin*, 60 F.3d at 1049.)

Accordingly, Defendants are not entitled to summary judgment regarding Plaintiff

Anand.  Defendants are not entitled to summary judgment as explained and argued in Plaintiff

Anand's responsive brief and supporting materials.  Defendants failed to conduct a reasonable

search, improperly withheld information under broad FOIA exemptions, and failed to produce all

reasonably segregable material. Plaintiff Anand's Affidavit establishes remaining issues of

genuine material facts in opposition to Defendants' Second Motion For Summary Judgment

(ECF 91). Plaintiff Anand's responsive brief, attached affidavit, and cited authorities also fights

the Defendants' second motion on substantial and meaningful legal (as opposed to factual)

grounds.  For all these reasons (both legal and factual) as explained and argued in this

submission, Plaintiff Anand, opposes Defendants Second Motion for Summary Judgment.

# TABLE OF CONTENTS

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

I.    Federal Rule of Civil Procedure 56- Standards and Legal Applications As Pertaining to FOIA………………………………………………………………...…….**1**

II.    HHS Failed To Establish The Adequacy Of Their Search For Records And Did Not Produce Any Of The Plaintiffs' Requested FOIA Information Of The Blue Cross Blue Shield Companies………………………………………………….....**4**

III.    HHS Failed To Establish That FOIA Exemptions Applied To All The Documents They Withheld………………………………………………………………..**11**

IV.    HHS Failed to Establish that Plaintiff Anand's Requests Were Burdensome.....**13**

V.    Plaintiff Anand Opposes Defendants DEA and HHS Second Motion for Summary Judgment For Violations of FOIA Law………………………………….**15**

VI.    Conclusion……………………………………………………………….....**30**

## <u>LIST OF AUTHORITIES</u>

*EPA v. Mink*, 410 U.S. 73, 80, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973)

*Assassination Archives*, 334 F.3d at 57

*DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989)

*Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C.Cir.2002)

*Cottone v. Reno*, 193 F.3d 550, 556 (D.C.Cir.1999)

*Clay v. DOJ*, 680 F.Supp.2d 239, 248 (D.D.C.2010)

*Stonehill* v. IRS, 558 F.3d 534, 538 (D.C.Cir.2009))

*Willis v. DOJ*, 581 F.Supp.2d 57, 65 (D.D.C.2008) (citing *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C.1996))

*Moore*, 916 F.Supp. at 35 (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1382 (8th Cir.1985))

*Weisberg v. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)

*Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986)

*Barbosa v. Drug Enforcement Admin.*, 541 F.Supp.2d 108, 111 (D.D.C.2008) (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004))

*Forsham v. Califano*, 587 F.2d 1128, 1141 (D.C.Cir.1978) aff'd sub nom.

*Forsham v. Harris*, 445 U.S. 169, 100 S.Ct. 977, 63 L.Ed.2d 293 (1980) (quoting H.R.Rep. No. 876, 93d Cong., 2d Sess. 5–6 (1974)).

*Yeager v. DEA*, 678 F.2d 315, 326 (D.C.Cir.1982) (quoting S.Rep. No. 854, 93d Cong., 2d Sess. 10 (1974)).

*John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).

*Int'l Counsel Bureau v. U.S. Dep't of Def.*, 723 F.Supp.2d 54, 60 (D.D.C.2010).

*Church of Scientology of Cal. v. IRS*, 792 F.2d 153, 159 (D.C.Cir.1986) aff'd, 484 U.S. 9, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987) ;

*Jordan v. DOJ*, 591 F.2d 753, 756 (D.C.Cir.1978) (en banc)

*NLRB v. Sears, Roebuck, & Co.*, 421 U.S. 132, 153, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

*Vaughn v. Rosen*, 484 F.2d 820 D.C. Cir. 1973

*Lame v. United States Dep't of Justice*, 767 F.2d 66, 70 (3d Cir. 1985).

*Conoco Inc. v. DOJ*, 687 F.2d 724, 728 (3d Cir. 1982)

*Ferri v. Bell*, 645 F.2d 1213, 1224 (3d Cir. 1981)

*Abdelfattah v. United States Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007)

*Morley v. C.I.A.*, 508 F.3d 1108, 1114 (D.C. Cir. 2007)

*Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

*DiBacco v. U.S. Army*, 795 F.3d 178, 190 (D.C. Cir. 2015).

*Fox News Network, LLC v. U.S. Dep't of the Treasury*, 678 F. Supp. 2d 162, 166 (S.D.N.Y. 2009

*Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149 (D.C. Cir. 2016).

*Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-12 (2001)

*Rojas v. Fed. Aviation Admin.*, 922 F.3d 907, 915 (9th Cir. 2019)

*King v. DOJ*, 830 F.2d 210, 223 (D.C. Cir. 1987)

*Rosenberg v. U.S. Dep't of Def.*, 342 F. Supp. 3d 62, 78 (D.D.C. 2018)

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986),

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)

*Brubaker v. Metro. Life Ins. Co.*, 482 F.3d 586, 588 (D.C. Cir. 2007).

*Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011)

*Weisberg v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)

*ACLU v. DOD*, 628 F.3d 612, 619 (D.C. Cir. 2011).

*Span v. DOJ*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010)

*Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006)

*SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

*U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021)

*Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).

*McGehee v. CIA*, 697 F.2d 1095, 1100 (D.C. Cir. 1983).

*Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 327 (D.C. Cir. 1999).

*U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

*Van Bourg, Allen, Weinberg & Roger v. NLRB*, 656 F.2d 1356, 1358 (9th Cir. 1981) (per curiam)

*Founding Church of Scientology of Washington, D.C., Inc. v. Bell*, 603 F.2d 945, 950 (D.C. Cir. 1979).

*Davin v. U.S. Dep't of Justice*, 60 F.3d 1043, 1048 49 (3d Cir. 1995).

*Manna v. U.S. Dep't of Justice*, 51 F.3d 1158, 1163 (3d Cir. 1995).

*Wiener v. FBI*, 943 F.2d 972, 988 (9th Cir. 1991).

*Coastal States*, 644 F.2d at 980.

*Campbell v. U.S. Dep't of Justice*,  164 F.3d 20, 28 (D.C. Cir. 1998),

*Coffey v. Bureau of Land Mgmt.*, 249 F. Supp. 3d 488, 498 (D.D.C. 2017)

*Eberg v. U.S. Dep't of Def.*, 193 F. Supp. 3d 95, 110 (D. Conn. 2016)

*Am. Civil Liberties Union of N.J. v. FBI*, 733 F.3d 526, 531 (3d Cir. 2013)

*Sheet Metal Workers Int'l Ass'n, Local Union No. 19 v. U.S. Dep't of Veterans Affairs*, 135 F.3d 891, 897 (3d Cir. 1998)).

*OSHA Data/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 160 (3d Cir. 2000).

*Hinton v. Dep't of Justice*, 844 F.2d 126, 129 (3d Cir. 1988))

*U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991)

## **Federal Rule of Civil Procedure 56- Standards and Legal Applications As Pertaining to FOIA**

Federal Rule of Civil Procedure 56 proceeds on the principle that trials are necessary only to resolve issues of fact; if at any time the court is made aware of the total absence of such issues, it should on motion promptly adjudicate the legal questions which remain, and thus terminate the case.  The statutes, so far as they went, embodied this philosophy. Rule 56 aimed "to avoid delay and expense of trials in cases where there is no genuine issue of fact."  The important thing to realize about summary judgment under Rule 56 is that it can be granted if and only if there is "no genuine issue as to any material fact." If any such issue appears, summary judgment must be denied. So-called "trial by affidavits" has no place under Rule 56. Affidavits (or pleadings, depositions, answers to interrogatories, or admissions) are merely devices for demonstrating the absence of any genuine issue of material fact. Introduction of material controverting the moving party's assertions of fact raises such an issue and precludes summary judgment.

On the other hand, because Rule 56 recognizes only "genuine" material issues of fact, Rule 56 requires the opponent of any summary judgment motion to do something more than simply deny the proponents allegations. Faced with a summary judgment motion supported by affidavits or the like, an opponent may not rely solely upon the allegations of his pleadings. He bears the burden of introducing enough countervailing data to demonstrate the existence of a genuine material factual issue.  If, however, the opponent is convinced that even on the movant's undisputed affidavits, the court should not grant summary judgment, he may decline to introduce his own materials and may instead fight the motion on entirely legal (as opposed to factual) grounds.

1

Rule 56 makes clear that in appropriate cases, summary judgment may be entered against the moving party. This is eminently logical because by definition the moving party is always asserting that the case contains no factual issues, the Court should have the power, no matter who initiates the motion, to award judgment to the party, legally entitled to prevail on the undisputed facts.

An opposing party must file a statement in the form prescribed by Rule 56 specifying: (i) the numbered paragraphs in the moving party's statement that are disputed; and (ii) those facts that establish a genuine dispute or otherwise preclude summary judgment in favor of the moving party.  Discovery" means "[t]he pretrial devices that can be used by one party to obtain facts and information about the case from the other party ...." *Black's Law Dictionary* 419 (5th ed. 1979). Discovery involves using the authority of the court to obtain facts by such devices as interrogatories, requests for admissions, document requests, and depositions.  Regarding third-party discovery, discovery can apply the authority of the court (by subpoenas) to obtain facts from unwilling third parties. But if third parties are *willing* to provide facts, they can simply do so, so "discovery" is *unnecessary* because no coercive power is required. Affidavits/declarations require no "discovery." For example, if a company wants an affidavit from its chief executive officer, it doesn't do discovery on that Chief Executive Officer (CEO). The CEO just executes the affidavit. And one does no "discovery" on one's own expert witness to get a declaration (though opposing counsel might depose that expert). The expert simply prepares the declaration. References to "affidavit or declaration" (the first reference) and "justify its opposition" refer to Rule 56(c)'s requirement of "affidavits and declarations," Rule 56(c)(4), to show "the ... presence of a genuine [factual] dispute," Rule 56(c)(1)(B), in order to oppose summary judgment on a factual-dispute basis. Discovery about only genuine material-fact disputes and provides a

mechanism for affidavits and declarations to show such a triable-fact dispute as required by 56(c)

to avoid summary judgment under Rule 56(a). Thus, Rules 56(c) is not mechanisms for

developing arguments regarding *matters of law*, and they are especially not for attempting to

*dispute settled matters of law*. Rather, a nonmovant is required to identify a specific fact likely

subject to a genuine material fact dispute and how proposed discovery will likely lead to that

triable fact. *See also Fed. Prac.* § 2741.

Under FED. R. CIV. P. 56(c)(1)(A) ("party asserting that a fact cannot be . . . must

support the assertion by . . . citing to particular parts of materials in the record, including

depositions, documents, electronically stored information, affidavits or declarations, stipulations

. . . , admissions, interrogatory answers, or other materials. . . .").  Eligibility, in turn, is

determined according to 42 C.F.R. § 136.12 (requiring moving party to "attach a statement of

material facts for which that party contends there is no genuine dispute, with specific citations to

those portions of the record upon which the party relies in fashioning the statement.").

The 1986 "summary judgment trilogy" is comprised of *Celotex Corp. v. Catrett*, 477 U.S.

317 (1986), *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), and

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).   According to established, stare decisis

legal doctrine, this D.C. District Court construes the evidence "in the light most favorable to the

non-moving party." *Brubaker v. Metro. Life Ins. Co.*, 482 F.3d 586, 588 (D.C. Cir. 2007).

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of

the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). At summary judgment, the

"agency must show beyond material doubt [] that it has conducted a search reasonably calculated

to uncover all relevant documents." *Weisberg v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  An

agency withholding records under a FOIA exemption "bears the burden of proving the

applicability of [the] claimed exemptions." *ACLU v. DOD*, 628 F.3d 612, 619 (D.C. Cir. 2011).

"[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears logical or

plausible." Id. <u>To successfully challenge an agency's showing that it complied with the FOIA,</u>

<u>the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue</u>

<u>with respect to whether the agency has improperly withheld extant agency records.</u>" *Span v.*

*DOJ*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010).  The withholding agency may rely on

declarations, a *Vaughn* index, or both to meet its burden. See *Judicial Watch, Inc. v. FDA*, 449

F.3d 141, 146 (D.C. Cir. 2006). And the Court affords this evidence a "presumption of good

faith." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

The FOIA statute "mandates the disclosure of documents held by a federal agency unless

the documents fall within one of nine enumerated exemptions." *U.S. Fish & Wildlife Serv. v.*

*Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021).  In order to provide for proper judicial review and

more adequate adversarial testing of an agency's claim of exemption, this court, in *Vaughn v.*

*Rosen*, 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873

(1974), outlined procedures whereby a district court may require an agency to itemize and index

the contents of withheld records. Id. at 827.


## HHS Failed To Establish The Adequacy Of Their Search For Records And Did Not Produce Any Of The Plaintiffs' Requested FOIA Information Of The Blue Cross Blue Shield Companies

Defendants HHS and DEA filed a legally deficient First Motion for Summary Judgment

(ECF 59) for which Plaintiffs Anand and Pompy responded (ECF 64).  Plaintiff Anand now

opposes Defendants' Second Motion for Summary Judgment (ECF 91) as Defendant HHS Office

of Inspector General ("OIG") failed to adequately search for responsive records and furthermore did not produce **any** of Plaintiffs' requested FOIA documents of the Blue Cross Blue Shield Companies.

A District Court must provide a sufficiently detailed analysis in granting the HHS-OIG's motion for summary judgment, in order to establish that a careful *de novo* review of the agencies' disclosure decisions has taken place, see *Van Bourg, Allen, Weinberg & Roger v. NLRB*, 656 F.2d 1356, 1358 (9th Cir. 1981) (per curiam); *Founding Church of Scientology of Washington, D.C., Inc. v. Bell*, 603 F.2d 945, 950 (D.C. Cir. 1979).

District courts must "conduct a *de novo* review of a government agency's determination to withhold requested information." *Davin*, 60 F.3d at 1049. *De novo* review in FOIA cases requires the district court to "provide statements of law that are both accurate and sufficiently detailed to establish that the careful [d]e novo review prescribed by Congress has in fact taken place." *Founding Church of Scientology of Wash., D.C., Inc. v. Bell*, 603 F.2d 945, 950 (D.C. Cir. 1979) (per curiam).  The District Court is required to review the government's affidavits *de novo* "to determine whether the agency's explanation was full and specific enough to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *Davin v. U.S. Dep't of Justice*, 60 F.3d 1043, 1048 49 (3d Cir. 1995).

This District Court must determine that HHS-OIG's affidavits presented a sufficient factual basis for this District Court's determination," and review the agency's affidavits factual determinations for clear error. *Id.* "Questions of law" regarding applicability of the FOIA exemptions "are also required to be reviewed *de novo*." *Manna v. U.S. Dep't of Justice*, 51 F.3d 1158, 1163 (3d Cir. 1995).

The Government's affidavit (ECF 91) failed to establish the adequacy of their search for records. Federal agencies have a statutory obligation under FOIA to conduct "reasonable efforts to search for" requested records. 5 U.S.C. § 552(a)(3)(C).  HHS-OIG's affidavits contain glaring omissions. HHS failed to search files likely to contain responsive documents.

HHS-OIG summary finding consisted of only an affidavit submitted by the Government and the conclusory statement that the affidavit and declarations carry the Government's burden of proof to show that the FOIA exemptions were properly applied in this case. *Wiener v. FBI*, 943 F.2d 972, 988 (9th Cir. 1991).  This District Court now has "no means of ascertaining" whether "the correct legal standard" was applied "to the various exemptions claimed." *Coastal States*, 644 F.2d at 980.

*HHS-OIG failed to establish the adequacy of their search for records.*  "To prevail on summary judgment . . . the agency must show beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents." *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007). Given "congressional intent tilting the scale in favor of disclosure," the "agency seeking to avoid disclosure" faces a "substantial burden." *Id.* Because the searches described in HHS-OIG's declaration failed to meet their burden, the District Court would commit reversible error by granting HHS-OIG's second motion for summary judgment.

HHS-OIG's search was thus not "reasonably calculated to uncover all relevant documents." *Morley*, 508 F.3d at 1114. It was not "tailored to the nature of [Anand's] particular request," *Campbell v. U.S. Dep't of Justice*,  164 F.3d 20, 28 (D.C. Cir. 1998), since it "unreasonably limit[ed] the scope of [the HHS-OIG's] search . . . in a manner inconsistent with the request," *Coffey v. Bureau of Land Mgmt.*, 249 F. Supp. 3d 488, 498 (D.D.C. 2017);  see also *Eberg v. U.S. Dep't of Def.*, 193 F. Supp. 3d 95, 110 (D. Conn. 2016) (holding search

inadequate when the agency "d[id] not explain why [the] search excluded terms pertaining to [part of] Plaintiff's FOIA request").

In addition, the HHS-OIG affidavit fails to explain why other records, outside of HHS-OIG's law enforcement database ("LE database") were not likely to return relevant documents. See *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007) ("[T]he agency should provide a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." (internal quotation marks omitted)).  Without such an explanation, the District Court has "no factual basis" to determine the searches were adequate, rendering summary judgment improper. See id. at 183.

First, HHS-OIG failed to establish that it searched "all files likely to contain responsive materials." *Abdelfattah*, 488 F.2d at 182 (emphasis added). The HHS-OIG's declaration states that the HHS-OIG law enforcement database ("LE database") was reasonably expected to contain responsive records.  But FOIA requires the HHS-OIG to search "all locations 'likely' to contain" responsive documents, not just "the locations 'most likely' to contain" such documents. *DiBacco v. U.S. Army*, 795 F.3d 178, 190 (D.C. Cir. 2015). And there is clear evidence in this case that voluminous records existed outside the HHS-OIG's system including that of HHS-OIG's contractors and joint partners in the Healthcare Fraud Preventive Partnership, like Office of Information Policy, Qlarant NBI Medic, and General Dynamics Information Technology etc.

The HHS-OIG's search of the ("LE database") failed to uncover thousands of pages of documents found in other systems, documents the Defendants and HHS-OIG only discovered when Plaintiff Anand brought them to this Court's attention through exhibits submitted throughout this litigation. Because HHS-OIG failed to explain why "no other record system was

likely to produce responsive documents," summary judgment is inappropriate.  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  HHS-OIG failed to "tailor[]" its search "to the nature of [Anand's] particular request." *Campbell*, 164 F.3d at 28.

As with the HHS-OIG's search, this "unreasonably limit[ed] the scope of [the Anand's] search . . . in a manner inconsistent with the request," rendering summary judgment inappropriate. *Coffey*, 249 F. Supp. 3d at 498.  Documents concerning the Blue Cross Blue Shield Companies are under HHS-OIG's "constructive control. *Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149 (D.C. Cir. 2016).

Drawing all reasonable inferences in favor of Anand, as courts are required to do on summary judgment, HHS-OIG's failure to "follow through on [an] obvious lead[]" by "search[ing] the center it had identified as a likely place where the requested documents might be located" renders summary judgment inappropriate. *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325, 327 (D.C. Cir. 1999).

"[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).  An agency needs to "demonstrate that it had conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  "The adequacy of an agency's response to a FOIA request is measured by a standard of reasonableness." *McGehee v. CIA*, 697 F.2d 1095, 1100 (D.C. Cir. 1983).

Plaintiff Anand must offer "positive indications of overlooked materials" to undermine Defendant HHS-OIG's search. *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 327 (D.C. Cir. 1999).  Plaintiff Anand offered positive indications of overlooked materials providing this

Court and Defendants with hundreds of pages of specific relevant facts in one hundred and thirty eight (138) submitted exhibits.  Plaintiff Anand now submits his accompanying affidavit, titled, "Plaintiff Anand's Affidavit Establishing Remaining Issues Of Genuine Material Facts In Opposition Of Defendants' SECOND Motion For Summary Judgment".

The Defendants and Blue Cross Blue Shield publicly trumpet their success in criminal actions against healthcare professionals nationwide (See Exhibits 64,65,66,67,68,69,70 provided to this Court).  A governmental agency may implicitly acknowledge the public interest in "knowing what it is up to" when it issues a press release "trumpeting" its operations. See *Union Leader*, 749 F.3d at 156. The "public trumpeting" of Defendants' prosecutorial operations with Blue Cross Blue Shield companies in press releases, against physicians nationwide, raises genuine issues of material fact which necessitates this Court to DENY Defendants' Second Motion for Summary Judgment. A governmental agency may implicitly acknowledge the public interest in "knowing what it is up to" when it issues a press release "trumpeting" its operations. See *Union Leader*, 749 F.3d at 156. Defendant HHS and DEA can retrieve responsive FOIA documents from relevant press releases (See for example Exhibits 64,65,66,67,68,69,70) where the Blue Cross Blue Shield Companies were either alleged victims or participants in the investigations of U.S. physicians and healthcare professionals.

According to Blue Cross Blue Shield documents presented at the Economic Crime Institute (Exhibit 128), Blue Cross Blue Shield Corporate Financial Investigations Department (CFID) utilizes STARS (Services: Tracking, Analysis & Reporting System) and STAR Sentinel sophisticated software data-mining tools that analyze all categories of claims received.  **Blue Cross Blue Shield CFID aims for <u>recovery of payments, exclusion of professionals from networks, schemes in changing provider behavior, induces criminal prosecution for</u>**

**pecuniary gain through criminal restitution, and engages in referral of physician licenses to State Medical Boards for purposes of permanent incapacitation** (Exhibit 128). **Blue Cross Blue Shield also publicizes entities convicted of fraud to create a sentinel effect in the provider community** (Exhibit 128).

According to Blue Cross Blue Shield CFID documents (Exhibit 128), CFID employees consist of former federal, state and local law enforcement agents and lawyers who communicate with current State and Federal law enforcement agents to influence and induce investigations into unfavored medical professionals or business competitors at Blue Cross Blue Shield CFID's request (violating impartiality regulation and disqualification arising from personal or political relationship, 28 C.F.R. § 45.2 and 5 C.F.R. § 2635.501 - 503 (Subpart E - Impartiality in Performing Official Duties)).

Blue Cross Blue Shield Companies seek to convert the United States of America to the "United States of Corruption", through seeking unlawful pecuniary gain through the targeting of competing, "suspect class", health professionals: Dr. Neil Anand (Indian-Brown Skin), Dr. Clarence Verdell (Black Skin), Dr. Walter Wrenn (Black Skin), Dr. Emmanuel Okolo (Black Skin), Dr. Mohanad Fallouh (Middle Eastern-Brown Skin). Dr. Lesly Pompy (Black Skin), Dr. Ganiu Edu (Black Skin), Dr. David Lewis (Black Skin), and Dr. Rajendra Bothra (Indian-Brown Skin), Dr. Jorge A. Martinez (Hispanic- Brown Skin), Dr. Richard Kaul (Indian- Brown Skin), Dr. Arun Gupta (Indian- Brown Skin), Dr. Dralves Edwards (Black Skin), Dr. Sreekrishna Cheruvu (Indian- Brown Skin), Dr. Xiulu Ruan (Chinese- Brown Skin), Dr. Kamal Tiwari (Indian- Brown Skin), Dr. Vilasini Ganesh (Indian- Brown Skin), Dr. Gregory Belcher (Black Skin) and Dr. Sanjay Kumar (Indian-Brown Skin) as already documented in numerous Court documents and Exhibits *supra*.

10

## <u>HHS Failed To Establish That FOIA Exemptions Applied To All The Documents They Withheld</u>

Congress enacted FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). The act requires any "agency" upon "any request" to make records "promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Because the purpose of the requirement is to "facilitate public access to [g]overnment documents," its "dominant objective" is "disclosure, not secrecy." *Am. Civil Liberties Union of N.J. v. FBI*, 733 F.3d 526, 531 (3d Cir. 2013) (quoting *Sheet Metal Workers Int'l Ass'n, Local Union No. 19 v. U.S. Dep't of Veterans Affairs*, 135 F.3d 891, 897 (3d Cir. 1998)). Given these imperatives, an agency may withhold documents that are responsive to a FOIA request only if "the responsive documents fall within one of nine enumerated statutory exemptions," and the agency "bears the burden of justifying the withholding." *OSHA Data/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 160 (3d Cir. 2000). Crucially, and in line with the purpose of the Act, the exemptions are intended to be "exclusive and narrowly construed" such that doubts are resolved in favor of disclosure. *Conoco Inc. v. U.S. Dep't of Justice*, 687 F.2d 724, 726 (3d Cir. 1982).

The Government failed to provide Plaintiff Anand the requested *Vaughn* index.  Here, the Government in their affidavit and second motion for summary Judgment failed to provide proper justifications for its invocation of a burdensome request. In order to "facilitate review of the agency's actions, the government must submit detailed affidavits indicating why each withheld document falls within an exempt FOIA category." *Manna*, 51 F.3d at 1163. And while "there is no set formula for a *Vaughn* index, the hallmark test is 'that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document

withheld is putatively exempt from disclosure.'" *Davin*, 60 F.3d at 1050 (quoting *Hinton v. Dep't of Justice*, 844 F.2d 126, 129 (3d Cir. 1988)). Put differently, in order to claim an exemption, the government must "provide the 'connective tissue' between the document, the deletion, the exemption and the explanation." *Davin*, 60 F.3d at 1051.

Nevertheless, in the event the Court reaches the applicability of the claimed FOIA exemptions, HHS-OIG has not met their "burden . . . to justify the withholding of any requested documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). HHS-OIG only provides generic justifications for the claimed Exemptions in their affidavit. These explanations are insufficient because "[s]elf-serving, conclusory statements in an affidavit do not satisfy the government's statutory burden." *Ferri*, 645 F.2d at 1224.

Plaintiff Anand specifically alleged that Blue Cross Blue Shield and their Healthcare Fraud Preventive Partnership with HHS-OIG is "a federally-funded entity, consisting of numerous federal, state and local law enforcement agencies." *see* 5 U.S.C. § 551(1) (defining "agency" for purposes of FOIA as "each authority of the Government of the United States," with certain exceptions not relevant here). If Anand's allegations that the Blue Cross Blue Shield Companies are state actors of a federal agency are sufficient, then Section 552(a)(4)(B) provides Anand a cause of action against the aforementioned joint enterprise. And by the same token, this District Court had personal jurisdiction over it in this case.

Anand alleges that the Blue Cross Blue Shield Companies operate essentially as an arm of multiple federal law-enforcement agencies, supporting federal prosecutions lead by federal prosecutors. HHS-OIG undeniably constitutes an "agency" under FOIA. *See* 5 U.S.C. § 551(1) (defining "Agency" for purposes of FOIA as "each authority of the Government of the United States," with certain exceptions not relevant here). They are still "agencies" when they act jointly

12

to investigate federal crimes and support federal prosecutors, even if their cooperation includes individuals from state agencies. Accepting all of Anand's factual allegations as true and reading his pro se pleadings liberally, Anand plausibly alleges that the Blue Cross Blue Shield Companies are also state actors of a federal agency subject to FOIA. Whether Anand ultimately will *prove* those allegations is something that can be decided only after further discovery into the nature and composition of the joint enterprise comprising HHS-OIG, Healthcare Fraud Preventive Partnership, Blue Cross Blue Shield Association, Qlarant (NBI-MEDIC) and General Dynamics Information Technology.

## HHS Failed to Establish that Plaintiff Anand's Requests Were Burdensome

Defendant HHS waived its right to claim a burdensome exemption.  HHS also failed to reasonably confer with Plaintiff Anand to reduce Anand's request to manageable proportions. FOIA anticipates that requests for records may be so voluminous as to require an agency to carry an unusual workload.  Defendant HHS failed to establish all of the three necessary elements of an undue burden under FOIA, which are: 1) That compliance with the FOIA request as stated would be unduly burdensome; 2) That there was no way to narrow the requests; and 3) That the burden on the public body outweighs the public interest in the information requested.

FOIA requires requesters to reasonably describe the records sought. See 5 U.S.C. § 552(a)(3)(A).  A request is sufficient "if it enable[s] a professional employee of the agency who [i]s familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Forsham v. Califano*, 587 F.2d 1128, 1141 (D.C.Cir.1978) aff'd sub nom. *Forsham v. Harris*, 445 U.S. 169, 100 S.Ct. 977, 63 L.Ed.2d 293 (1980) (quoting H.R.Rep. No. 876, 93d Cong., 2d Sess. 5–6 (1974)). "The linchpin inquiry is whether 'the agency is able to determine

precisely what records are being requested.'" *Yeager v. DEA*, 678 F.2d 315, 326 (D.C.Cir.1982)

(quoting S.Rep. No. 854, 93d Cong., 2d Sess. 10 (1974)).  The dominant objective of FOIA is

disclosure, and exemptions are to be narrowly construed. *John Doe Agency v. John Doe Corp.*,

493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989). Indeed, the Act puts no restrictions

on the quantity of records that may be sought. In fact, the statute anticipates requests for

voluminous records: When an agency is asked to "search for, collect, and appropriately examine

a voluminous amount of separate and distinct records" it may have extra time to comply. 5

U.S.C. § 552(a)(6)(B)(i)-(iii). Notably, the term "exceptional circumstances" generally does not

include a delay that results from a predictable agency workload of requests under this section. Id.

at § 552(a)(6)(C).

This Circuit has similarly ruled that the number of records requested appears to be

irrelevant. See *Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 326 (D.C.Cir.1982) (rejecting

the argument that a request for all the records within a particular computer system is overbroad);

see also FOIA Update Vol. IV, No. 3, at 5 ("The sheer size or burdensomeness of a FOIA request,

in and of itself, does not entitle an agency to deny that request on the ground that it does not

'reasonably describe' records within the meaning of 5 U.S.C. § 552(a)(3)(A) "). FOIA requests

are frequently time-consuming and indeed it is not unusual for a search pursuant to FOIA to last

over a year. *Int'l Counsel Bureau v. U.S. Dep't of Def.*, 723 F.Supp.2d 54, 60 (D.D.C.2010).

Lastly, FOIA requires certain agency determinations not merely to be provided upon

written request, but to be made available continuously in the agency's reading room. 5 U.S.C. §

552(a)(2) ; *Church of Scientology of Cal. v. IRS*, 792 F.2d 153, 159 (D.C.Cir.1986) aff'd, 484

U.S. 9, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987) ; *Jordan v. DOJ*, 591 F.2d 753, 756 (D.C.Cir.1978)

(en banc) (observing that subsection (a)(2) records must be made "automatically available for

public inspection; no demand is necessary"). Such reading room records include "final opinions ... made in the adjudication of cases" and "statements of policy and interpretations which have been adopted by the agency." 5 U.S.C. § 552(a)(2). The requirement "represents a strong congressional aversion to 'secret law,' and represents an affirmative congressional purpose to require disclosure of documents which have the force and effect of law." *NLRB v. Sears, Roebuck, & Co.*, 421 U.S. 132, 153, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

### **Plaintiff Anand Opposes Defendants DEA and HHS Second Motion for Summary Judgment For Violations of FOIA Law**

Congress enacted the Freedom of Information Act (FOIA) to "open agency action to the light of public scrutiny" by imposing "a general philosophy of full agency disclosure." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989). Nearly 2 years into this FOIA case, that purpose has not been fulfilled here.  Defendant HHS and DEA refused FOIA release of **ANY AND ALL** documents of Blue Cross Blue Shield Companies.

The Blue Cross Blue Shield franchisees, in their conduct as agents of the government within a joint enterprise, are subject to Constitutional law, such as 14th Amendment Equal Protection Clause.  One of the primary purposes of the Plaintiffs' FOIA litigation was to obtain relevant documents of Defendant HHS who is partnered in a joint enterprise, with Blue Cross Blue Shield through the Healthcare Fraud Preventive Partnership (HFPP).  The partnership seeks for purposes of pecuniary and proprietary gains from civil and criminal asset forfeitures from "suspect class (race and religious)", minority physicians and healthcare professionals, who subsequent to asset "stripping", are concentrated within American prison camps.  Plaintiff Anand seeks documents pursuant to FOIA that would foreclose unlawful, U.S Executive Branch asset

confiscation schemes upon U.S. physicians and health professionals, that are analogous to the historical asset confiscation of Native-Indian Land and concentration of Native Americans upon American reservations, or historical asset confiscation of Japanese Americans and concentration of Japanese Americans within American internment camps.

Defendant HHS and its subsidiary agencies including but not limited to Center for Medicare and Medicaid (CMS), are in a joint partnership with Blue Cross Blue Shield Companies in the public-private, Healthcare Fraud Preventive Partnership (HFPP).  Plaintiff Anand possesses Blue Cross Blue Shield, Corporate & Financial Investigations Department (CFID) documents (Exhibit 128) that allude to quid pro-quo corruption with Defendants. Any *appearance* of corruption interest includes the *appearance of quid pro-quo corruption*, i.e., the appearance of "'a direct exchange of an official act for money'—an act akin to bribery,." *Cognizable* theories of corruption (or its appearance), which are by law limited to quid-pro quo corruption especially where the Supreme Court has limited cognizable corruption to quid-pro-quo corruption and its appearance, rejecting other theories such as gratitude, access, or leveling the playing field. *See Citizens United*, 558 U.S. at 350, 360-61.

A Federal Court applies a "two-tiered test" when reviewing an order granting summary judgment in FOIA proceedings. *Davin*, 60 F.3d at 1048-49. First, the Court exercises *de novo* review of "the affidavits below to determine whether the agency's explanation was full and specific enough to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." Id. at 1049. Second, "[i]f this Court concludes that the affidavits presented a sufficient factual basis for the district court's determination," id., "questions of law" regarding the applicability of the FOIA exemptions "receive plenary review," *Manna*, 51 F.3d at 1163, and the district court's factual

findings regarding the applicability of the exemptions are reviewed for clear error. *Davin*, 60 F.3d at 1049; see also *Lame v. United States Dep't of Justice*, 767 F.2d 66, 70 (3d Cir. 1985).

FOIA "creates a strong presumption in favor of disclosure," *Davin*, 60 F.3d at 1049, an agency's obligations under FOIA include a duty to "make reasonable efforts to search for . . . records," 5 U.S.C. § 552(a)(3)(C), and provide "[a]ny reasonably segregable portion of a record . . . after deletion of the portions which are exempt," 5 U.S.C. § 552(b). In addition, "the plain language of the Act . . . places the burden on the Agency to justify the withholding of any requested documents," *Ray*, 502 U.S. at 173, and a corresponding burden on the district court to review an agency's withholding of records "*de novo*," 5 U.S.C. § 552(a)(4)(B).

HHS/HHS-OIG failed to demonstrate that it conducted an adequate search for records, failed to adequately explain why the materials it withheld were exempt from disclosure under FOIA, and failed to provide a proper legal justification for withholding records under FOIA exemptions.  Defendant, HHS/HHS-OIG is in the business of law enforcement, investigations, prosecution, and incarceration.  Such organized conspiratorial behavior by Defendant HHS, HHS-OIG, Healthcare Fraud Preventive Partnership, and Blue Cross Blue Shield to seek unlawful gains constitutes mutual encouragement because the Defendants score gains; the prosecution scores convictions; and the private parties, Blue Cross Blue Shield, scores financially via restitution and forfeiture of assets that exceeds actual damages as well as through elimination and incapacitation of its business competitors.

HHS failed to provide an adequate factual basis to withhold materials under FOIA. "[T]o allow courts to make a reasoned determination respecting the legitimacy of exemptions," *Conoco Inc. v. DOJ*, 687 F.2d 724, 728 (3d Cir. 1982), "the government must submit detailed affidavits," or *Vaughn* indexes, "indicating why each withheld document falls within an exempt FOIA

category," *Manna*, 51 F.3d at 1163. There is "no set formula for a *Vaughn* index." *Davin*, 60 F.3d at 1050. But "[s]elf-serving, conclusory statements . . . do not satisfy the government's statutory burden," *Ferri v. Bell*, 645 F.2d 1213, 1224 (3d Cir. 1981), and it "is insufficient for the agency to simply cite categorical codes and then provide a generic explanation of what the [redaction] codes signify." *Davin*, 60 F.3d at 1051.

The Defendants had a duty to release a *Vaughn* Index to Plaintiffs to assist in the proper determination of acceptable FOIA Exceptions for Blue Cross Blue Shield documents. Defendant HHS prosecutes, seizes assets, and incarcerates U.S. physicians and healthcare professionals regularly.  Despite this knowledge, the Defendants proceed to deliberately omit the requested FOIA information without submission of a *Vaughn* Index. This behavior constitutes a wanton act.  A reasonable search failed to occur without consent, privilege, or justification, as evidenced by the Defendants withholding of Plaintiffs requested *Vaughn* Index. The Defendants deliberate omission of FOIA information is evidence of an intentional willful act.  Such willful and wanton behavior constitutes reckless behavior of the HHS, and the Blue Cross Blue Shield joint enterprise.  HHS was involved in the prosecution, incarceration, search and seizure, of the financial assets of thousands of similarly situated American doctors and healthcare professionals.

"Under the FOIA, an agency has a duty to conduct a reasonable search for responsive records." *Abdelfattah v. United States Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007). "To prevail on summary judgment, then, the agency must show beyond material doubt" that its search was "reasonably calculated to uncover all relevant documents," *Morley v. C.I.A.*, 508 F.3d 1108, 1114 (D.C. Cir. 2007), and "cannot limit its search" to certain places if there are additional sources "that are likely to turn up the information requested," *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

In this instant litigation, the Plaintiffs submitted as evidence to this Court and the Defendants, one hundred and thirty-eight (138) exhibits supporting the existence of producible documents as well as documents authored by HHS-OIG agency personnel.  The Plaintiffs requests are not frivolous.  Under FOIA, when there is an "undisputed connection" or "close nexus" between agency personnel and missing evidence, an agency is required to contact those individuals "as a source likely to turn up the information requested" or explain why contacting those individuals "would be fruitless." *Valencia-Lucena*, 180 F.3d at 328.

HHS-OIG are partners in the Healthcare Fraud Preventive Partnership (HFPP) which includes Blue Cross Blue Shield.  HHS and HHS-OIG maintains contracts with HFPP, Blue Cross Blue Shield, Qlarant (Health Integrity-NBI MEDIC) and General Dynamics Information Technology (GDIT).  HHS-OIG neither contacted Blue Cross Blue Shield, Qlarant (Health Integrity-NBI MEDIC) or HFPP, nor explained why contacting General Dynamics Information Technology would be "fruitless," and therefore, summary judgment is inappropriate. *Valencia-Lucena*, 180 F.3d at 328.

 As a result, the District Court has no "factual basis" to make its determination that the Blue Cross Blue Shield searches were adequate, making Defendants request for summary judgment improper. see *Abdelfattah*, 488 F.3d at 182 ("The agency should provide a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched.").

Under FOIA, HHS was obligated to search "all locations 'likely' to contain" responsive materials and not only those locations "'most likely' to contain responsive documents." *DiBacco v. U.S. Army*, 795 F.3d 178, 190 (D.C. Cir. 2015). Accordingly, because HHS failed to establish that "no other record system was likely to produce responsive documents," summary judgment is

premature. *Oglesby* I, 920 F.2d at 68. *Fox News Network, LLC v. U.S. Dep't of the Treasury*, 678 F. Supp. 2d 162, 166 (S.D.N.Y. 2009) (summary judgment inappropriate where defendant did not justify its failure to use an obvious acronym as a search term).  Search obligation is extended to all records under its "constructive control," including records that are "not on its premises." *Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149 (D.C. Cir. 2016). Accordingly, because HHS failed to search places where the requested documents might be located and clearly raises a genuine issue of material fact as to the adequacy of the search, summary judgment is inappropriate. *Valencia-Lucena*, 180 F.3d at 327.

With respect to Blue Cross Blue Shield, HFPP, GDIT or Qlarant/NBI Medic, the "source" of these documents is not "a Government agency," and as HHS-OIG has not asserted that these third-parties were government consultants, these documents originating from third parties are not "inter-agency" or "intra-agency" documents exempt from disclosure under Exemption 5. See *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-12 (2001) (third-party tribal communications to a federal agency did not fall within Exemption 5); *Rojas v. Fed. Aviation Admin.*, 922 F.3d 907, 915 (9th Cir. 2019) ("By its plain terms, Exemption 5 applies only to records that the government creates and retains").

The District Court lacks an adequate factual basis rule on the applicability of the claimed FOIA exemptions because HHS-OIG failed to "describe each document or portion thereof withheld," *King v. DOJ*, 830 F.2d 210, 223 (D.C. Cir. 1987), and to "correlate statements made in the Government's refusal justification with the actual portions of the document," *Vaughn*, 484 F.2d at 827.

The Defendants' Second Motion for Summary Judgment (ECF 91) cannot resolve these foundational defects and summary judgment is inappropriate.  To fulfill its burden to establish

that materials are exempt from disclosure, "precedent requires that the Agency provide the 'connective tissue' between the document, the deletion, the exemption and the explanation." *Davin*, 60 F.3d at 1051. But neither agency did so here by "includ[ing] a specific factual recitation linking the documents . . . with the claimed FOIA exemptions." *Davin*, 60 F.3d at 1065. Nor did the agencies "demonstrat[e] applicability of the exemptions invoked as to each document or segment withheld." *King*, 830 F.2d at 224.  On account of those deficiencies, the HHS-OIG's affidavits fall short of providing the District Court "an adequate factual basis for its determination," and Defendants seeking an "order of the district court granting summary judgment to the government [i]s inappropriate," *Davin*, 60 F.3d at 1065.

As in *Davin*, HHS-OIG's affidavit provides "generic explanations broad enough to apply to any FOIA request," but "provides no information about particular documents that might be useful in evaluating the propriety of the decision to withhold."  This District Court "lack[s] sufficient information to determine whether the . . . material has been properly withheld," *Rosenberg v. U.S. Dep't of Def.*, 342 F. Supp. 3d 62, 78 (D.D.C. 2018), and therefore, Plaintiff Anand argues that summary judgment is improper at this time.

Plaintiff Anand opposes Defendants HHS' second motion for summary Judgment (ECF 91).  Defendant HHS did not perform reasonable searches.  HHS searches were unreasonable and legally insufficient, and the Defendant failed to release all reasonably segregable information. Plaintiff Anand submitted Affidavits and one hundred and thirty eight exhibits are more than sufficient in raising genuine issues of material fact and law, to allow this Court to DENY Defendants Second Motion for Summary Judgment.

There is a presumption of disclosure under FOIA and it is the government's burden to show that a FOIA exemption applies to the requested information. FOIA is an important tool in

holding the government accountable because it provides citizens with a means to 'know what their government is up to.' *Stalcup v. CIA*. 768 F.3d 65, 69 (1st Cir. 2014) (quoting *Carpenter*, 470 F.3d at 437). In fact, "FOIA was intended to expose the operations of federal agencies 'to the light of public scrutiny.' " *Carpenter*, 470 F.3d at 437 (citing *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372, 96 S. Ct. 1592, 48 L. Ed. 2d 11 (1976)). FOIA seeks to prevent "the development and application of a body of 'secret law.' " *Providence Journal Co. v. U.S. Dep't of Army*, 981 F.2d 552, 556 (1st Cir. 1992). Further, FOIA promotes an informed citizenry, which is "vital to the functioning of a democratic society." *NLRB v. Robbins Tire & Rubber Co.*. 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L. Ed. 2d 159 (1978). When the government relies on either of these FOIA exemptions, a court must balance the privacy interests against the public interest in disclosure of the requested information. *Moffat*, 716 F.3d at 251 (citing *Maynard v. CIA*, 986 F.2d 547, 566 (1st Cir. 1993)). "The issue for the Court is whether disclosure would promote the purpose of FOIA in 'opening agency action to the light of public scrutiny[.]' " *Lardner v. U.S. Dep't of Justice*, 2005 U.S. Dist. LEXIS 5465, * 68 (D.D.C. March 31, 2005). " 'Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose.' " Id. at *65 (citing *Reporters Comm.*, 489 U.S. at 773). FOIA seeks to uphold is the right of citizens to understand and obtain information about the workings of their own government." *Moffat*, 716 F.3d at 252 (citing Maynard, 986 F.2d at 566). In *Carpenter*, the Court held that "[t]he asserted public interest must shed light on a federal agency's performance of its statutory duties." *Carpenter*, 470 F.3d at 440 (citing *Reporters Comm.*, 489 U.S. at 773 and *Maynard*, 986 F.2d at 566). "Indeed, the 'core purpose' of the FOIA, to which the public interest must relate, is to ensure that government activities are open to public scrutiny, not that information about private citizens, which happens to be in the government's

possession, be disclosed." Id. at 441 (citing *Reporters Comm.*, 489 U.S. at 774; *Maynard*, 986 F.2d at 566).

Here, the public has a significant interest in knowing how the DEA and HHS investigates and the federal government prosecutes, American physicians and other healthcare professionals who allegedly unlawfully prescribe painkillers or other controlled substance medications, especially those who wind up serving as long as life terms in prison. See *Parker v. U.S. DOJ*, 852 F.Supp.2d 1, 13 (D.D.C. 2012) ("there is a valid public interest in knowing how [the] DOJ handles the investigation of unlicensed attorneys.") See also *Lurie v. Dep't of Army*, 970 F. Supp. 19, 37 (D.D.C. 1997) ("The public interest also extends to knowing whether an investigation was comprehensive and that the agency imposed adequate disciplinary measures.").

Importantly, Defendants in Joint Status Report (ECF 27) filed on January 13, 2022, explicitly stated to the Court that, "Plaintiffs are both currently facing federal felony charges relating to health care fraud and controlled substances. *United States v. Anand*, Crim. A. No. 19-0518 (E.D. Pa.); *United States v. Pompy*, Crim. A. No. 18-20454 (E.D. Mich.). The indictments in those cases assert, inter alia, that Plaintiffs Neil Anand and Lesly Pompy illegally prescribed and distributed various commonly abused opioids."

Plaintiff Anand seeks Freedom of Information Act materials with respect to *United States v. Anand*, Crim. A. No. 19-0518 (E.D. Pa.).  The U.S. Department of Justice also has a responsibility in ensuring that criminal defendant Anand receives a fair trial.  Regardless of Defendants' Joint Status Report Statements to the Court, Plaintiff Anand argues that he is innocent until proven guilty under U.S. Constitutional Law, and has a right and liberty interest, necessitating the Granting of the Freedom of Information Act requests as they pertain to Blue Cross Blue Shield and *United States v. Anand*, Crim. A. No. 19-0518 (E.D. Pa.).  Justice requires

that the Court Order the release of relevant information, subject to the Freedom of Information Act, to ensure fair and just trials against physicians and other healthcare providers nationwide, as afforded by the United States Constitution, which the Founding Fathers established to limit and restrict Government POWER.

Plaintiff Anand also seeks FOIA information for *Brady*, exculpatory, and impeachment purposes.  Plaintiff Anand further argues that this Courts' decision in ruling on behalf of Defendants DEA and HHS with their simple conclusory, blanket assertions that, "Defendants undertook appropriate efforts to search for responsive documents, provided all reasonably segregable records, and withheld only that information that is properly exempt from release under FOIA Exemptions…" will shift power from Pro Se, criminal defendants seeking FOIA information to U.S. Executive Branch agencies and U.S. prosecutors in future FOIA litigations. Such a shift, will only further skew an already unbalanced adversarial system that favors large and wealthy litigants over small, poor, and Pro Se plaintiff, litigants.  This Court's decision in favor of Defendants DEA and HHS will set a precedent and increase the availability of quick future summary judgments to U.S. Executive Branch agencies against criminal defendants pursuing FOIA information for their own liberty interests, and will ultimately diminish and decrease the community's confidence in the reliability of the Court's judgments.

This Court may Grant a Rule 56 opposition, in favor of Non-Movant, Plaintiff Anand and oppose summary judgment against Defendants DEA and HHS, because: 1) Defendants DEA and HHS continue to conceal relevant and disclosable information; 2) summary judgment is premature; 3) facts essential to the Plaintiff non-movants, Anand, is in the exclusive control of the moving parties DEA and HHS.

In *Rivera-Torres*, the First Circuit stated that "the party seeking relief must also diligently conduct discovery before summary judgment is filed and seek timely extensions of time afterward." Anand's submitted affidavit shows: (i) plausible grounds for believing that additional facts exist and can be retrieved within a reasonable time, (ii) his efforts to obtain those facts and why he was unsuccessful, and (iii) how the facts sought are reasonably expected to create a material issue of fact. See *US v. Rivera-Torres*.

Plaintiffs Anand and Pompy already filed a Rule 56(d) motion to oppose a particularly difficult or premature summary judgment motion which was denied by this Court (ECF 62). Plaintiffs Anand and Pompy diligently pursued their claims against Defendants DEA and HHS through release of numerous evidentiary facts in one hundred and thirty eight Exhibits and the filings of Joint Status reports (ECF 9,15,22,23,27,40) with the Defendants, DEA and HHS.

Rule 56 is meant to minister to the vigilant, not to those who sleep upon perceptible rights and prevent Courts from "swinging the summary judgment axe too hastily." Plaintiff Anand continued to thoroughly seek relevant discovery during the available time periods by filing concurrent Freedom of Information Act requests to the Pennsylvania Attorney General Offices, Pennsylvania Insurance Department, Center for Disease Control (CDC), Center for Medicare Services (CMS), and United States Department of Justice Office of Information Policy. The entire U.S. Executive Branch resisted and failed to comply in a timely manner with its discovery obligations with regards to Anand's Freedom of Information Act requests upon numerous federal agencies. Anand promptly and repeatedly pressed the aforementioned U.S. Executive Branch agencies for compliance and did not wait until summary judgment motions were filed by the Defendants, DEA and HHS.

The District Court's denial of Plaintiff Anand's opposition to Defendant DEA and HHS Second Motion for Summary Judgment in this Case would be an abuse of discretion. Plaintiff Anand attests in his attached affidavit that discoverable facts exist, and that documentation and witness testimony may exist that is dispositive of the pivotal questions raised by Plaintiff Anand as pertaining to Blue Cross Blue Shield and their involvement in criminal trials against criminal defendant physicians and healthcare professionals nationwide. Plaintiff Anand here has more than a "mere hope that further evidence may develop" in further discovery. *Freeman*, 827 F. Supp. 2d at 1078 (*quoting Neeley v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1978).

Plaintiff Anand knows that discoverable facts he seeks exist because Defendant DEA and HHS have met with Plaintiff Anand and conferred about the production of much of the materials and exhibits submitted by Plaintiffs Anand, and because many of those facts are referenced in FOIA documents that Defendant HHS has already produced to the Plaintiffs. Plaintiffs Anand within the Joint Status Reports (ECF 9,15,22,23,27,40) with Defendants DEA and HHS, have: 1) specified facts they seek, 2) shown that such facts exist, and 3) demonstrated how they are essential to their claims. *See also* Fed. R. Civ. P. 1 (noting that the Federal Rules should be "construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")

Anand's attached declaration and affidavit sets forth the specific facts relating to the Blue Cross Blue Shield Companies, Plaintiff Anand currently possesses, as well as facts Plaintiff Anand hopes to further obtain through Court ordered FOIA release. The attached declarations of Plaintiff Anand sets forth the reasons where, Plaintiff Anand's facts, have already created

genuine issues of material fact.  These genuine issues of material fact allow for the Court to

ORDER the denial of Defendants' Second Motion for Summary Judgment (ECF 91).

This District Court will abuse its discretion if it denies Plaintiff Anand's opposition to

Defendants' Second Summary Judgment Motion (ECF 91) because Plaintiff Anand's affidavit

has *identified specific facts which would create a genuine issue of material fact* with respect to

FOIA requests of Blue Cross Blue Shield companies.   *see* 10B Charles Alan Wright, Arthur R.

Miller & Mary Kay Kane, Federal Practice and Procedure § 2740 (3d ed.1998) ("when the

movant has met the initial burden required for the granting of a summary judgment, the opposing

party either *must establish a genuine issue for trial under Rule 56([c]) or explain why he cannot

yet do so under Rule 56([d])*").

Anand has identified specific facts that would create a genuine material-fact dispute and

thereby defeats movant Defendant DEA and HHS second motion for summary judgment.

*Keebler Company v. Murray Bakery Products*, 866 F.2d 1386 (Fed. Cir. 1989), held that "Rule

56([c]) requires an affiant to set forth admissible facts establishing a genuine issue of material

fact requiring trial.

This District Court also denied discovery (ECF 62) to Plaintiffs Anand and Pompy

pursuant to Rule 56(d), which would have allowed the Plaintiffs to obtain additional facts than

those already presented to this Court, that would raise additional *genuine material-fact disputes*.

See also *Convertino v. United States Department of Justice* where "summary judgment is

premature unless all parties have 'had a full opportunity to conduct discovery.'" 684 F.3d 93, 99

(DC. Cir. 2012) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1968)). *Convertino*

reiterated the applicable law in this situation, i.e., that Rule 56(d) discovery must be about

establishing a "triable issue".  A movant's affidavit "must outline the particular facts he intends

to discover and describe why those facts are necessary to the litigation." *Byrd v. U.S. Envt'l Prot. Agency* 174 F.3d , 248 (D.C. Cir. 1999) ('Byrd [must] show what facts he intended to discover that would create a triable issue....')." *Convertino* cited *Liberty Lobby*, 477 U.S. at 257, for the "full opportunity to conduct discovery". 684 F.3d at 99. *Liberty Lobby* was not addressing a Rule 56(d) motion, but rather what standards apply to determine *if* a "genuine" material-fact dispute is present. *See* 477 U.S. at 248-57, citing *Cities Service*, 391 U.S. at 290, that Rule 56(d) is about finding facts to establish a genuine material-fact dispute: "[T]he plaintiff must present evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." 477 U.S. at 257. *Liberty Lobby* argues that discovery under 56(d) should be about creating genuine material-fact disputes, and cites *Cities Service*, which clearly requires that Rule 56(d) motions be so focused.

In any ordinary case, such as one involving a FOIA request, Anand as a Rule 56(d) non-movant "offer[ed]... specific reasons demonstrating the necessity and utility of discovery to enable [the movant] to fend off summary judgment" by creating a triable fact. *Strang*, 864 F.2d at 861.  Anand's Rule 56(d) motion was effective in: (i) showing the *necessity* of the facts he seeks and the means to obtain them; (ii) stated with sufficient *specificity* what *triable facts* he seeks to establish and how those particular facts sought will establish those triable facts; (iii) how discovery sought from HHS and DEA will establish those triable facts; (iv) why the facts are discoverable under his Rule 56(d) motion and affidavits which comply with the criteria of Rule 56(c) and (d); (v) and are about establishing a *genuine material-fact dispute* and certified *specific* identification of what evidence is being sought regarding Anand's dispute with Defendants HHS

28

and DEA, as well as a clear explanation of how further discovery sought, relates to resolving the pertinent disputes.

If this District Court, rules for Defendants DEA and HHS, the error will be plain, because it will also affect Plaintiff Anand's substantial rights as a criminal defendant as well. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) Satisfying the substantial rights prong of plain error review "is anything but easy." Id. at 1299. To do it, Plaintiff Anand, as a criminal defendant, generally must show a "reasonable probability" that the error affected the outcome of the district court proceedings, "which means a probability sufficient to undermine confidence in the outcome." Id.

The Supreme Court has instructed us that to show an error has affected a defendant's substantial rights for plain error purposes, "in most cases ... the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).  The substantial rights analysis is like harmless error review but with a twist: the defendant, not the government, "bears the burden of persuasion with respect to prejudice." See *United States v. Monroe*, 353 F.3d 1346, 1352 (11th Cir. 2003).  To merit reversal, a plain error must not only affect the defendant's substantial rights, but must also seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 736, 113 S.Ct. 1770.

Plaintiff Anand argues that denial of additional FOIA information by this Court, pursuant to Defendants Second Motion for Summary Judgment (ECF 91), to criminal defendant physicians nationwide, will generate an error that will affect Dr. Anand's and other American healthcare professional's substantial rights and ongoing criminal trials, for plain error purposes.

### Conclusion

The Defendants cannot be allowed to conceal the requested FOIA information about the Blue Cross Blue Shield Companies by filing for summary Judgment subsequent to an unlawful refusal (solely within this litigation) to release the requested FOIA information, based on a novel "burdensome" argument, despite Defendant HHS-OIG waiving all such "burdensome" claims during the administrative FOIA appeals process.

Plaintiffs Anand and Pompy have provided this Court sufficient factual evidence that Defendant HHS failed to conduct a reasonable search, improperly withheld information under broad FOIA exemptions, and failed to produce all reasonably segregable material.  The Defendants conceal the valuable, requested FOIA information for purposes of continued pecuniary gain from the confiscation of assets of targeted, American physician, criminal defendants who subsequent to asset "stripping", are concentrated within American prison camps.

A court may grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Founding Fathers of the U.S. created a trilateral form of government of checks and balances, where the primary function of the U.S. Judicial Branch is to balance the individual citizens rights versus interests of the Federal government as well as "check" unlawful decisions made by the Congressional and Executive branches of the U.S. government. The Judicial Branch acts as an independent check on the Executive and Legislative branches under the Constitution's Separation of Powers. See *U.S. Army Corps of Eng'rs v. Hawkes Co., Inc*., 136 S. Ct. 1807 (2016); *Sackett v. EPA*, 566 U.S. 120 (2012); *Rapanos v. United States*, 547 U.S. 715 (2006).

Plaintiff Anand by and through, his Affidavit and this submitted responsive brief in opposition to Defendants' Second Motion for Summary Judgment (ECF 91) raises substantial

issues of law and fact, so that Defendants DEA and HHS are not entitled to summary judgment. Petitioner Anand through this petition *supra* has satisfied and provided adequate fact and evidence that: (1) HHS-OIG's conduct is repetitious yet evading review, (2) Anand's requests involve questions important to the public interest, and (3) HHS-OIG will cause Petitioner Anand to suffer some detriment without the Court's decision.

Petitioner Anand's prayer for relief is that this trial Court conduct an evidentiary hearing on Anand's petition in accordance with HHS-OIG's final determination, and grant Anand court fees and/or civil penalties, or grant such other relief it deems just and proper under the circumstances. As Plaintiff Anand's Affidavits and numerous filings during this litigation have established remaining issues of genuine material facts, in opposition of Defendants' Second Motion For Summary Judgment, Plaintiff Anand prays that this Court DENIES Defendants' Motion. Plaintiff Anand pursuant to FED. R. CIV. P. 54(c) prays that this Court GRANT Plaintiff any relief to which he is entitled, whether Plaintiff Anand requested it in his initial pleadings or not.


Wherefore, Petitioner asks this Court to:

a. Review the Health and Human Services' (HHS-OIG's) determinations and hold that they are inconsistent with the HHS-OIG's obligations under the Freedom of Information of Act (FOIA) and inconsistent with established American law.

b. Determine that the HHS-OIG has acted unreasonably and illegally.

c. Reverse the legal analysis of the Affidavit/Final Determination of the Health and Human Services Office of Inspector General.

d. Enter an Order stating that the HHS-OIG was incorrect in issuing a Final Determination.

e. Enter an injunction against Respondent directing Respondent to comply fully and without further delay, with the Freedom of Information Act, and to furnish Petitioner Anand all public documents meeting the description in his requests.

f.  Enter an injunction directing that, because Respondent's delay in complying with its obligations under the Freedom of Information Act was without substantial justification, Respondent must waive all fees associated with Petitioner's requests.

g.  Order the HHS-OIG to produce the documents requested in full, either electronically or without fee.

h.  Enter judgment in Petitioner's favor for nominal damages.

i.  Enter an Order granting such further relief as may be just under the circumstances.


Respectfully submitted,

Dated:  May 5, 2023

*/s/ Neil Anand*

NEIL ANAND

1313 Cheltenham Drive

Bensalem, Bucks County, PA 19020

Phone: 267-934-9784

*Pro se* Plaintiff