UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIL ANAND,<br>      Plaintiff,<br>     v.<br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.,*<br>      Defendants. | Civil Action No. 21-1635 (CKK) |

MEMORANDUM OPINION
(May 23, 2023)

This lawsuit arises from Freedom of Information Act ("FOIA") requests made by *pro se* Plaintiffs Neil Anand and Lesly Pompy to Defendants United States Department of Health and Human Services ("HHS")' Office of the Inspector General ("OIG") and Drug Enforcement Administration ("DEA"). Plaintiffs Anand and Pompy are physicians who were indicted on multiple criminal counts, including health care fraud and the distribution of controlled substances. *See* Compl., ECF No. 1 at 8. To aid in defense of their criminal prosecutions, Plaintiff Anand submitted FOIA requests to both HHS and DEA, and Plaintiff Pompy submitted a FOIA request just to DEA. After the agencies conducted their searches and made numerous withholdings, Plaintiffs then filed a Complaint seeking declaratory and injunctive relief to compel Defendants to produce certain records. *See id.* at 8, 11. Defendants HHS and DEA filed a [59] Motion for Summary Judgment against both Plaintiffs.

On March 27, 2023, the Court ruled on Defendants' [59] Motion for Summary Judgment in two opinions addressing Plaintiff Pompy and Anand separately. As is relevant here, the Court granted in part and denied in part Defendants' Motion for Summary Judgment as against Plaintiff Anand. *See* Order, ECF No. 87; Mem. Op., ECF No. 88. The Court granted the Motion for all but

1

one component of Anand's FOIA request. The Court denied summary judgment on Anand's FOIA request to HHS OIG for "all reports from Blue Cross Blue Shield corporation to OIG concerning improper prescribing of opiates by specific physicians" because OIG did not notify Anand that his request did not reasonably describe the records sought, as required by regulation or, alternatively, did not provide sufficient explanation as to why a search for this request would be burdensome. Mem. Op. ECF No. 88 at 2. The Court ordered HHS to file a Status Report indicating how they intend to proceed, such as, but not limited to, conducting a search or filing a renewed motion for summary judgment. *Id.* at 59. Following the order, HHS indicated that they planned "to file a renewed motion for summary judgment providing further detail as to why a search for this part of Plaintiff's FOIA request would be unduly burdensome." ECF No. 89 at 1. That [91] Second Motion for Summary Judgment against Plaintiff Anand is now pending before the Court.

Upon review of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will **GRANT** Defendants' Second Motion for Summary Judgment against Plaintiff Anand.

## I.  BACKGROUND

The Court incorporates the background set forth in its Memorandum Opinion. *See* Mem. Op., ECF No. 88 at 2–5.

## II.  LEGAL STANDARD

Congress enacted the Freedom of Information Act, 5 U.S.C. § 552, to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air*

---

[1] The Court's consideration has focused on the following:
- Defendants' Second Motion for Summary Judgment, ECF No. 91 ("Defs.' Mot.");
- Plaintiff's Response and Opposition to Defendants' Second Motion for Summary Judgment, ECF No. 92 ("Pl.'s Opp'n");
- Defendants' Reply Memorandum in Support of Second Motion for Summary Judgment, ECF No. 93 ("Defs.' Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. See LCvR 7(f).

*Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted).  Congress remained sensitive to the need to achieve balance between these objectives and the potential that "legitimate governmental and private interests could be harmed by release of certain types of information." *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc) (citation omitted), *cert. denied*, 507 U.S. 984 (1993).  To that end, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for categories of material." *Milner v. Dep't of Navy*, 131 S. Ct. 1259, 1261–62 (2011).  Ultimately, "disclosure, not secrecy, is the dominant objective of the act." *Rose*, 425 U.S. at 361.  For this reason, the "exemptions are explicitly made exclusive, and must be narrowly construed." *Milner*, 131 S. Ct. at 1262 (citations omitted).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (PLF) (citing *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007) (PLF)).  "The agency is entitled to summary judgment if no material facts are genuinely in dispute and the agency demonstrates that its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information." *Prop. of the People, Inc. v. Off. of Mgmt. & Budget*, 330 F. Supp. 3d 373, 380 (D.D.C. 2018) (RC) (citation omitted).  The burden is on the agency to justify its response to the plaintiff's request.  5 U.S.C. § 552(a)(4)(B).  "An agency may sustain its burden by means of affidavits, but only if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (citation omitted).  "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld

3

logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *Am. Civil Liberties Union v. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011) (citations omitted). "Uncontradicted, plausible affidavits showing reasonable specificity and a logical relation to the exemption are likely to prevail." *Ancient Coin Collectors Guild v. Dep't of State*, 641 F.3d 504, 509 (D.C. Cir. 2011) (citation omitted).

### III.  DISCUSSION

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal citation and quotation marks omitted). However, as the Court explained in its previous [88] Memorandum Opinion, an agency is not required to conduct a search that would be unreasonably burdensome. *Nation Mag., Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995). An agency does "bear[] the burden to 'provide [a] sufficient explanation as to why such a search would be unreasonably burdensome.'" *Ayuda, Inc. v. FTC*, 70 F. Supp. 3d 247, 275 (D.D.C. 2014) (RC) (quoting *Nation Mag.*, 71 F.3d at 892). This "substantial" showing, *Tereshchuk v. Bureau of Prisons*, 67 F. Supp. 3d 441, 455 (D.D.C. 2014) (RCL), should include "a detailed explanation by the agency regarding the time and expense of a proposed search in order to assess its reasonableness," *Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008) (RJL). "Summary judgment is warranted on the basis of agency affidavits when the affidavits describe the justifications for nondisclosure with reasonably specific detail… and are not controverted by [other] evidence in the record." *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984); *see also Goland v. Central Intelligence Agency*, 607 F.2d 339, 352–53 (D.C. Cir. 1978) (finding sufficiently detailed an affidavit stating the method of search and the number of files to be searched).

As HHS OIG did not provide a detailed explanation as to why the search would be unreasonably burdensome, in its first Motion for Summary Judgment, the Court previously deemed HHS OIG's explanation to be conclusory and deficient. *See* Mem. Op., ECF No. 88, at 27. Defendants' Second Motion for Summary Judgment now provides additional information, including the Supplemental Declaration of Robin Brooks, Director of the Freedom of Information Act Division of HHS OIG (hereinafter "Suppl. Brooks Decl."). The Court finds that Defendants have carried their burden of demonstrating that conducting a search of Anand's request for "all reports from Blue Cross Blue Shield corporation to OIG concerning improper prescribing of opiates by specific physicians" would be unreasonably burdensome.

Defendants begin by explaining the database that holds reports that may be responsive to this part of Anand's FOIA request. OIG's law enforcement database, which it uses to maintain all records of investigations, is a legacy system created in or around 2004 with limited search features. Defs.' Mot. at 2 (citing Suppl. Brooks Decl. ¶ 10). The database is indexed by subject and, unless certain information was previously determined to be a complaint, cannot be sorted by submitter. Suppl. Brooks Decl. ¶ 9. OIG's search for complaints submitted by ""Blue Cross Blue Shield," "BCBS," and "BC/BS" yielded no results. *Id.* Therefore, given that there were no complaints, to locate "reports *from* Blue Cross Blue Shield corporation," as Anand requested, OIG could not search by submitter and would instead have to search all electronic case files in the database. *Id.* Additionally, database search results cannot be narrowed by date nor filtered through Boolean searches. *Id.* Finally, case files on the database contain documents embedded within other documents, some of which are not searchable electronically. *Id.* ¶ 11. OIG must therefore open each document to make sure there are no embedded documents and, if there are, look through some of them manually. *Id.* ¶ 11.

In response to this part of Anand's FOIA request, OIG ran seven searches related to terms

5

in Anand's request, some of which yielded zero results. *Id.* ¶ 13.  OIG identified 17,262 case results that hit on the term "Blue Cross Blue Shield," 13,146 case results that hit on the term "BCBS," and 2,320 case results that hit on the term "BC/BS." *Id.*  OIG cannot deduplicate results across these searches. *Id.* ¶ 15.  OIG conducted a sample test to determine how long it would take to review all of these case results for responsive records. *See id.* ¶ 16.  To do so, they selected a random sample of five case files from each of the three sets of search results to review, *id.* ¶¶ 17–22; reviewing these fifteen case files took approximately 26 hours and 57 minutes, *id.* ¶ 23. Defendants then concluded that "[g]iven the volume of records, at a rate of 52 weeks per year, 40 work hours per week, it would take someone more than 28 years to finish reviewing these records." Defs.' Mot. at 3 (citing Suppl. Brooks Decl. ¶ 23).  As Brooks' explains, even if OIG's entire FOIA staff worked solely on Anand's request, it would take them over nine years. Brooks Decl. ¶ 23. The Court confirmed this calculation.  Defendants then explain that employing someone full-time for that period of time to review case files for records potentially responsive to Anand's FOIA request would cost more than $3.5 million in salary alone, without taking into account yearly pay increases and the cost of benefits. *Id.* ¶ 26.  Defendants state that this "vastly understates the costs to the Department [of Health and Human Services]." Defs.' Mot. at 3 (citing Suppl. Brooks Decl. ¶ 26).

To reiterate from above, courts require an agency to provide a detailed explanation regarding the time and expense of searching for responsive records. *Tereshchuk*, 67 F. Supp. 3d at 455; *Wolf*, 569 F. Supp. 2d at 9.  The Court here is satisfied that Defendants have made the requisite substantial showing including approximations of time—28 years—and expense—in the millions of dollars—to search for records responsive to this part of Anand's FOIA request.  This estimated time far exceeds that which other courts have found to impose an undue burden. *See, e.g.*, *Wolf*, 569 F. Supp. 2d at 9 (approximately 3,675 hours); *Ayuda, Inc.*, 70 F. Supp. 3d at 275–76

(more than 8,000 hours); *People for the Am. Way Found. v. Dep't of Just.*, 451 F. Supp. 2d 6, 13 (D.D.C. 2006) (JDB) (approximately 25,000 hours,[2] to search 44,000 files manually); *Long v. Immig. & Customs Enf't*, 149 F. Supp. 3d 39 (D.D.C. 2015) (APM) (6.7 billion rows of data, which the affiant equated to an audiobook that would take approximately 9.5 years to read); *Int'l Counsel Bureau v. U.S. Dep't of Def.*, 723 F. Supp. 2d 54, 59 (D.D.C.) (JDB) ("enlisting a full-time staff of twelve for a year to review hundreds of thousands of unsorted images would impose such an undue burden").  Likewise, the estimated expense exceeds that which other courts have found to impose an undue burden.  *See, e.g.*, *Wolf*, 569 F. Supp. 2d at 9 (approximately $147,000).

Plaintiff Anand has not presented anything to controvert Defendants' showing.  The Court will not belabor the various deficiencies of and irrelevant information included in Plaintiff's briefing, but will briefly note that what Plaintiff has captioned as an "affidavit," *see* Pl.'s Opp'n Ex. 1, is unsworn and contains no affirmation that it was offered under penalty of perjury and, therefore, does not adhere to the requirements for an affidavit or any other sworn statement.  Plaintiff's failure to provide a proper affidavit bars him from disputing Defendants' sworn affidavit by Robin Brooks.  *Oviedo v. Wash. Metro. Area Transp. Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020).  This flaw was present in Plaintiffs' briefing in response to Defendant's first Motion for Summary Judgment, which Court discussed in detail in its prior opinion, *see* Mem. Op., ECF No. 88, at 16–18.

Plaintiff also argues that Defendants should have narrowed Anand's FOIA request to make it not burdensome.  *See* Pls.' Opp'n at 4.  However, agencies "should read FOIA requests 'as drafted, not as either agency officials or [the requester] might wish it was drafted.'"  *Nat'l Sec. Couns. v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020) (quoting *Miller v. Casey*, 730 F.2d 773, 777

---

[2] This is the equivalent of almost 12 years at a 40-hour-per-week, 52-weeks-per-year rate.

7

(D.C. Cir. 1984)) (alteration in original).  Agencies have no duty to narrow the scope of a FOIA request.  *See id.* at 410.

Accordingly, the Court finds that the Defendants have carried their burden of demonstrating that conducting a search of Anand's request for "all reports from Blue Cross Blue Shield corporation to OIG concerning improper prescribing of opiates by specific physicians" would be unreasonably burdensome.

## IV.  CONCLUSION

For the reasons set forth above, the Court will **GRANT** Defendants' Second Motion for Summary Judgment against Plaintiff Anand.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge