**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NEIL ANAND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Civil Action No. 21-1635 (CKK) |

**MEMORANDUM OPINION**
(September 15, 2026)

Plaintiffs Neil Anand ("Anand") and Lesly Pompy ("Pompy") brought this Freedom of Information Act ("FOIA") action against Defendants, Drug Enforcement Administration ("DEA") and the U.S. Department of Health and Human Services ("HHS"). The Court previously resolved Plaintiff Anand's claims[1] and many of Plaintiff Pompy's claims[2] on summary judgment. Before the Court now is Defendants' [104] Motion for Summary Judgment on Pompy's remaining claims, which concern the withholdings asserted in response to Pompy's FOIA request to DEA. Upon consideration of the parties' submissions,[3] the relevant legal authority, and the entire record, the Court shall **GRANT** Defendants' [104] Motion for Summary Judgment.

---

[1] *See* Dkt. Nos. 87, 88, 94, and 95.

[2] *See* Dkt. Nos. 85 and 86.

[3] The Court's consideration has focused on Defendants' Third Motion for Summary Judgment, Dkt. No. 104 ("Defs.' Mot.") and the attachments thereto; Defendants' Memorandum in Support, Dkt. No. 104-1 ("Defs.' Mem."); the Declaration of Gevorg Margaryan, Dkt. No. 104-4 ("Margaryan Decl."); Plaintiff's Memorandum in Opposition, Dkt. No. 106 ("Pl.'s Opp'n"); and Defendants' Reply, Dkt. No. 107 ("Defs.' Reply").

## I. BACKGROUND[4]

On June 26, 2018, a grand jury in the Eastern District of Michigan indicted Lesly Pompy on multiple criminal counts, including health care fraud and the distribution of controlled substances. *United States v. Pompy*, No. 18-cr-20454, Dkt. No. 1 (E.D. Mich.); *see also* Hertel Decl., Dkt. No. 59-11 ¶ 25.

On April 17, 2021, Pompy made a FOIA request to the DEA for the following: "DEA Administrative audit done on 9/26/2016 at 730 N. Macomb St, Monroe Michigan 48162[;] DEA investigation of Lesly Pompy regarding DEA and X-DEA registration[;] [i]nvestigation of investigation involving DEA registration BP 2527058, FP 2665478[;] [and] contractual relationship, statement of works between Blue Cross Blue Shield of Michigan Mutual Insurance C[o]mpany and the DEA." Pl. Pompy's FOIA Request to DEA, Dkt. No.59-17 at 2; *see also* Hertel Decl., Dkt. No. 59-11 ¶ 18. In response to his FOIA request, Pompy received 666 pages with redactions from DEA, in addition to seventeen pages with redactions that had been referred to the Federal Bureau of Investigation ("FBI"). *See* Margaryan Decl. ¶ 18.

Pompy was ultimately acquitted in January 2023. *Pompy*, No. 18-cr-20454, Dkt. No. 95; *see also* Min. Order (Feb. 8, 2023). Shortly thereafter, the Court granted partial summary judgment in favor of Defendants' as it pertained to the adequacy of their search for Pompy's requested records. *See* Order, Dkt. No. 85 at 1; Mem. Op., Dkt. No. 86 at 20. Given Pompy's acquittal, however, the parties re-briefed the issue of DEA's withholdings. The Court shall resolve that remaining issue here.

[4] The Court has detailed the background of this case in a prior opinion. *See* Dkt. No. 88.

## II. LEGAL STANDARD

Congress enacted the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). Congress remained sensitive to the need to achieve balance between these objectives and the potential that "legitimate governmental and private interests could be harmed by release of certain types of information." *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc) (citation omitted), *cert. denied*, 507 U.S. 984 (1993). To that end, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for categories of material." *Milner v. Dep't of Navy*, 562 U.S. 562, 564 (2011). Ultimately, "disclosure, not secrecy, is the dominant objective of the act." *Rose*, 425 U.S. at 361. For this reason, the "exemptions are explicitly made exclusive, and must be narrowly construed." *Milner*, 562 U.S. at 565 (citations omitted).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (PLF) (citing *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007) (PLF)). "The agency is entitled to summary judgment if no material facts are genuinely in dispute and the agency demonstrates that its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information." *Prop. of the People, Inc. v. Off. of Mgmt. & Budget*, 330 F. Supp. 3d 373, 380 (D.D.C. 2018) (RC) (citation omitted). The burden is on the agency to justify its response to the plaintiff's request. 5 U.S.C. § 552(a)(4)(B). "An agency may sustain its burden by means of affidavits, but only if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory

evidence in the record or by evidence of agency bad faith." *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (citation omitted). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *Am. Civil Liberties Union v. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011) (citations omitted). "Uncontradicted, plausible affidavits showing reasonable specificity and a logical relation to the exemption are likely to prevail." *Ancient Coin Collectors Guild v. Dep't of State*, 641 F.3d 504, 509 (D.C. Cir. 2011) (citation omitted).

## III. ANALYSIS

The Court previously determined that the DEA conducted an adequate search for Pompy's requested records. *See* Mem. Op., Dkt. No. 86 at 20. The remaining issues are whether the exemptions invoked by DEA are appropriate and whether DEA released all reasonably segregable material. The Court shall address these issues in turn. Upon doing so, the Court concludes that DEA's withholdings are appropriate and that DEA released all reasonably segregable material. Accordingly, the Court shall **GRANT** Defendants' [104] Third Motion for Summary Judgment.

### A. Defendants are entitled to summary judgment on DEA's withholdings.

In responding to Pompy's FOIA request, DEA withheld certain materials under a handful of FOIA exemptions. Defendants argue that they are entitled to summary judgment on these withholdings. Pompy opposes. Accordingly, the Court shall consider whether Defendants are entitled to summary judgment on their asserted withholdings. Upon doing so, the Court concludes that they are.

1. DEA's withholdings pursuant to 5 U.S.C. § 552a(j) are appropriate.

The Privacy Act permits the head of an agency to promulgate rules to exempt any system of records within the agency from an individual right of access if the system of records is "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws . . . and which consists of . . . information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual." 5 U.S.C. § 552a(j)(2)(B). The Department of Justice has promulgated a regulation exempting from individual access information that is maintained as part of DEA's Investigative Reporting and Filing System ("IRFS"). 28 C.F.R. § 16.98(i). "Where compliance would not appear to interfere with or adversely affect the law enforcement or counterterrorism purposes of this system, or the overall law enforcement process, the applicable exemption may be waived by the DEA in its sole discretion." *Id.*

Here, Pompy's "request for access under the Privacy Act pertain[s] to the criminal investigation[] in his case." *Djenasevic v. Exec. Off. of United States Att'ys*, 319 F. Supp. 3d 474, 484 (D.D.C. 2018) (RCL), *aff'd sub nom. Djenasevic v. Exec. Off. for United States Att'ys*, No. 18-5262, 2019 WL 5390964 (D.C. Cir. Oct. 3, 2019). Pompy requested DEA investigative records related to the DEA's investigation and his eventual prosecution. Furthermore, these records are maintained with DEA's IRFS, which is used to compile information for criminal enforcement. *See* Margaryan Decl. ¶¶ 38–39; *Djenasevic*, 319 F. Supp. 3d at 484 ("DEA has exempted pursuant to Exemption (j)(2) investigative case files maintained in its Investigative Reporting and Filing System from access."). Accordingly, the Court concludes that "the documents were compiled for law enforcement purposes and are exempt from disclosure under the Privacy Act." *Djenasevic*, 319 F. Supp. 3d at 484; *see also* Mem. Op., Dkt. No. 88 at 57 (concluding that IRFS records were exempt from disclosure with respect to Plaintiff Anand).

Accordingly, the Court shall GRANT Defendants' motion with respect to DEA's withholdings under 5 U.S.C. § 552a(j).

2. DEA's withholdings pursuant to FOIA Exemption 3 are appropriate.

FOIA Exemption 3 exempts from disclosure information that is "specifically exempted from disclosure by statute" if that statute, in relevant part, (i) "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue," or (ii) "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b)(3). Here, "DEA is applying this exemption in conjunction with Federal Rule of Criminal Procedure 6(e) to protect a single page of grand jury material." Defs.' Mem. at 5 (citing Margaryan Decl. ¶ 42). This page "contains information about the names of recipients of Federal grand jury subpoenas." Margaryan Decl. ¶ 42.

Rule 6(e) limits the disclosure of grand jury material. "Although a procedural rule, Congress affirmatively enacted Rule 6(e) in such a way as to qualify it as a provision under which an agency may claim Exemption 3 withholdings," and "[t]he law of this Circuit has long settled that 'the rule's ban on disclosure is for FOIA purposes absolute' because the Rule satisfies the first of the two subparts of the FOIA that allow for such withholdings." *Labow v. U.S. Dep't of Just.*, 278 F. Supp. 3d 431, 442 (D.D.C. 2017) (RCL) (quoting *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 868 (D.C. Cir. 1981)). "There is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers;" rather, "the touchstone is whether disclosure would tend to reveal some secret aspect of the grand jury's investigation," such as "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Boyd v. Exec. Off. for United States Att'ys*, 87 F. Supp. 3d 58, 82–83 (D.D.C. 2015) (ABJ) (quoting

*Senate of P.R. ex rel. Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987)).

Here, the page of grand jury material that DEA seeks to withhold falls squarely within Rule 6(e) because it "contains information about the names of recipients of Federal grand jury subpoenas." Margaryan Decl. ¶ 42. In other words, disclosure would "tend to reveal some secret aspect of the grand jury's investigation," namely, "identities of witnesses or jurors." *Boyd*, 87 F. Supp. 3d at 82–83. Accordingly, the Court shall **GRANT** Defendants' motion with respect to DEA's withholdings under Exemption 3.

3. <u>DEA's withholdings pursuant to Exemption 6 are appropriate.</u>

FOIA Exemption 6 permits the withholding of "personnel and medical files and similar files" if their disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). "The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual." *Lepelletier v. F.D.I.C.*, 164 F.3d 37, 46 (D.C. Cir. 1999) (citing *United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982)).

To determine whether an invasion of privacy is "clearly unwarranted," courts "must weigh the 'privacy interest in non-disclosure against the public interest in the release of the records.'" *Id.* (quoting *National Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989)). "The privacy interest at stake belongs to the individual, not the agency." *Amuso v. U.S. Dep't of Just.*, 600 F. Supp. 2d 78, 93 (D.D.C. 2009) (RJL). "It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant." *Id.* "The only relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Lepelletier*, 164 F.3d at 46 (citation modified).

Defendants assert that "DEA invoked Exemption 6 to withhold personally identifiable information contained within patient files, state patient prescription data, and employee time sheets." Defs.' Mem. at 8–9 (citing Margaryan Decl. ¶¶ 47, 49). There is a "substantial probability" that disclosure of this information would "interfere with personal privacy, which is enough to trigger the exemption." *Telematch, Inc. v. United States Dep't of Agric.*, 45 F.4th 343, 351 (D.C. Cir. 2022).

Pompy has not satisfied his "obligation to articulate a public interest sufficient to outweigh" the privacy interests at stake. *Amuso*, 600 F. Supp. 2d at 93. Pompy's argument is limited to the conclusory allegation that "[t]he public good is not currently served by the DEA, MANTIS, BCBSMMIC, IBC agreeing to use false and/or fabricated medical documents with the intent to incapacitate U.S. physicians such as [Pompy], with a lifetime knowledge, education, and experience regarding pain management and addiction medicine." Pl.'s Opp'n at 6. But Pompy's "generalized allegations of widespread misconduct do not rise above mere speculation and therefore do not advance [his] asserted public interest." *Bell v. Dep't of Def.*, No. 16-cv-0959 (RC), 2018 WL 4637005, at *16 (D.D.C. Sept. 27, 2018). Accordingly, "[a]bsent a legitimate public interest," the Court finds that the private interests at issue are "of much greater concern." *Id*. (citing *U. S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982)).

The Court shall therefore **GRANT** Defendants' motion with respect to DEA's withholding under Exemption 6.

4. <u>DEA's withholdings pursuant to Exemption 7 are appropriate.</u>

FOIA Exemption 7 permits withholding "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information" could reasonably be expected to cause one of several enumerated harms. 5 U.S.C. § 552(b)(7). "With respect to the threshold requirement of showing that the disputed records were

compiled for law enforcement purposes, courts 'are more deferential to the agency's claimed purpose for the particular records' when 'the agency's principal function is law enforcement.'" *Codrea v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 239 F. Supp. 3d 128, 132 (D.D.C. 2017) (BAH) (quoting *Pub. Emps. for Env't Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 203 (D.C. Cir. 2014)).

Given the DEA's "investigative jurisdiction derived from the Comprehensive Drug Abuse Prevention and Control Act of 1970" and its corresponding authority to investigate "incidences involving the trafficking in controlled substances," it is entitled to deference in its determination that the records in each of the categories below were compiled for law enforcement purposes. *Lewis v. U.S. Dep't of Just.*, 867 F. Supp. 2d 1, 18 (D.D.C. 2011) (RBW); *see also* Margaryan Decl. ¶ 46–49. The Court has independently considered each of the categories of information below and concludes that they were all compiled for law enforcement purposes related to investigation and enforcement. Accordingly, Defendants have made "the threshold showing that the relevant DEA records are law enforcement records for purposes of Exemption 7." *Lewis*, 867 F. Supp. 2d at 18.

a. *DEA's withholdings pursuant to Exemption 7(C) are appropriate.*

FOIA Exemption 7(C) permits withholding law enforcement records when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Defendants invoke Exemption 7(C) for the same records they withheld under Exemption 6. *See* Defs.' Mem. at 7–10. For the same reason the Court granted Defendants summary judgment on their withholding under Exemption 6, the Court shall grant Defendants summary judgment on their withholding under Exemption 7(C). Indeed, the Supreme Court has suggested that the concept of personal privacy is even broader under Exemption 7(C). *See Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 165–66 (2004). Pompy does not raise any

legitimate public interest against these privacy concerns. Accordingly, the Court shall **GRANT** Defendants' motion with respect to DEA withholdings under Exemption 7(C).

b. *DEA's withholdings pursuant to Exemption 7(D) are appropriate.*

FOIA Exemption 7(D) permits withholding law enforcement records when disclosure could reasonably be expected to disclose "the identity of a confidential source . . . which furnished information on a confidential basis" and "information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). To invoke Exemption 7(D), Defendants must show that a source provided the information either "under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." *Engelking v. Drug Enforcement Administration*, 119 F.3d 980 (D.C. Cir. 1997) (quoting *United States Dep't of Justice v. Landano*, 508 U.S. 165, 174 (1993)).

Defendants assert that "DEA withheld names and information provided by confidential sources from several Reports of Investigation" that were produced to Pompy "in part pursuant to Exemption 7(D)." Margaryan Decl. ¶ 56. They further assert that DEA policy requires that all confidential sources "be vetted and established through a formal DEA process" that "includes a written agreement between DEA and the [confidential source] where DEA explicitly states that the United States Government and DEA will protect the [confidential source's] identity to the extent that it can under the law." *Id*. Defendants argue that DEA "utilized [Exemption 7(D)] to prevent naming or otherwise identifying the sources who provided information to DEA under an express assurance of confidentiality or during the course of an investigation under circumstances from which an assurance of confidentiality can reasonably be inferred." *Id*.

Pompy makes three arguments against the DEA's use of Exemption 7(D). First, Pompy claims that one of the DEA's confidential informants "lacked authority to enter the medical practice of [Pompy]," and that this "lack of authorization negates any privilege of privacy." Pl.'s

Opp'n at 6–7. Second, Pompy argues that a confidential informant's expectation of privacy "would not be reasonable" in this scenario because they "either knew, should have known, or would have known with substantial certainty, that his/her sworn testimony was likely necessary at a criminal trial." *Id*. at 7–8. And third, Pompy argues that he has a constitutional right to the information at issue. *Id*. at 8–12.

Pompy's arguments are unavailing. Pompy's first argument relies on unsupported conclusory allegations of misconduct. Furthermore, Pompy does not indicate that Exemption 7(D) contains an exception for regulatory violations—as Defendants' emphasize, "[t]he question is whether DEA has adequately demonstrated that the information was compiled for a law enforcement purpose, that an informant provided the information under either an express or an implied promise of confidentiality, and, under the first clause of Exemption 7(D), that disclosure could reasonably be expected to disclose the source's identity." Defs.' Reply at 8 (citing *Landano*, 508 U.S. at 171–72). Pompy's second argument—that any expectation of privacy is unreasonable given the likelihood of testifying at trial—does not support his position because "a government agency is not required to disclose the identity of a confidential source or information conveyed to the agency in confidence in a criminal investigation notwithstanding the possibility that the informant may have testified at a public trial." *Parker v. Dep't of Just.*, 934 F.2d 375, 379 (D.C. Cir. 1991). Finally, Pompy's third argument fails because "[t]here is no inherent constitutional right of access to government information . . . as the existence of the Freedom of Information Act, and its host of exemptions, both amply demonstrate." *Mack v. Dep't of Navy*, 259 F. Supp. 2d 99, 110 (D.D.C. 2003) (citing *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978)) (citation omitted).

Accordingly, the Court shall **GRANT** Defendants' motion with respect to the DEA's withholdings under Exemption 7(D).

c. *DEA's withholdings pursuant to Exemption 7(E) are appropriate.*

FOIA Exemption 7(E) permits withholding law enforcement records when disclosure could reasonably be expected to "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Exemption 7(E) "looks not just for circumvention of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk." *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011) (quoting *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009)). Exemption 7(E) "sets a relatively low bar for the agency to justify withholding: 'Rather than requiring a highly specific burden of showing how the law will be circumvented, [it] only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law.'" *Id*. (quoting *Mayer Brown*, 562 F.3d at 1194).

The DEA applied Exemption 7(E) to withhold "identifiers or information [that] relate solely to internal DEA investigative procedures such as the classification of the violator(s), program codes, cross-files, the types and amounts of suspected drugs involved, the priority of the investigation, the suspected location and scope of criminal activity, and material that would reveal sensitive, nonpublic references to DEA's Agents' Manual, which is not available to the public and would reveal DEA information and law enforcement techniques." Defs.' Mem. at 12–13 (quoting Margaryan Decl. ¶ 61). Defendants detail numerous categories of such information and explain how they "would reveal techniques and practices used in DEA investigations and could provide information to individuals seeking to violate or circumvent the law to take proactive steps to

counter operations and investigative actions taken during drug enforcement operations." *Id*. at 16 (citing Hertel Decl., Dkt. No. 59-11 ¶ 64; Margaryan Decl. ¶¶ 60–64).

Pompy appears to raise two arguments against the DEA's withholdings under Exemption 7(E). First, Pompy argues that he has a right to this material because he "want[s] to know the exact proscribed behaviors" under DEA rules and regulations in order "to avoid disastrous criminal prosecution." Pl.'s Opp'n at 13. Defendants also note that Pompy alleges that the DEA's "data analytics program" is not "race-neutral." Defs.' Reply at 9–10 (citing Pl.'s Opp'n at 29; Compl., Dkt. No. 1 at 5).

Pompy has not shown that DEA's withholding under Exemption 7(E) was improper. Not only is his argument based on conclusory allegations that lack support in the record, but it does nothing to undermine DEA's asserted justification for withholding under Exemption 7(E). Accordingly, the Court shall **GRANT** Defendants' motion with respect to the DEA's withholdings under Exemption 7(E).

d. *DEA's withholdings pursuant to Exemption 7(F) are appropriate.*

FOIA Exemption 7(D) permits withholding law enforcement records when disclosure "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(D). "The exemption does not require that a particular kind of individual be at risk of harm; 'any individual' will do. Disclosure need not definitely endanger life or physical safety; a reasonable expectation of endangerment suffices." *Pub. Emps. for Env't Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 205 (D.C. Cir. 2014) (quoting *Mayer Brown*, 562 F.3d at 1193). The exemption is interpreted "broadly and does not require the government 'to identify the specific individuals at risk from disclosure.'" *Nat'l Pub. Radio, Inc. v. Fed. Bureau of Investigation*, 539 F. Supp. 3d 1, 9 (D.D.C. 2021) (CJN) (quoting *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 525 (D.C. Cir. 2015)). In general, "this

exemption has been interpreted to apply to names and identifying information of law enforcement officers, witnesses, confidential informants and other third persons who may be unknown to the requester." Mem. Op., Dkt. No. 88 at 45.

DEA asserts Exemption 7(F) "to protect the names of DEA Special Agents, other law enforcement personnel, and individuals involved in criminal investigations." Defs.' Mem. at 17 (citing Margaryan Decl. ¶ 66). Defendants explain that "[s]uch agents have received threats, and disclosure of their identifying information risks jeopardizing their lives." *Id.* (citing Hertel Decl., Dkt. No. 59-11 ¶ 49; Margaryan Decl. ¶ 67). Pompy does not dispute Defendants' justification. Accordingly, as it did with respect to similar materials withheld by HHS, the Court concludes that this information was properly withheld under Exemption 7(D). *See* Mem. Op., Dkt. No. 88 at 43–45. The Court, therefore, shall **GRANT** Defendants' motion with respect to the material withheld under Exemption 7(D).

### B. Whether DEA Released All Reasonably Segregable Information

Agencies must disclose any "reasonably segregable" nonexempt portions of exempt, responsive records, 5 U.S.C. § 552(b), "unless they are inextricably intertwined with exempt portions," *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). An agency need only show with "reasonable specificity" that the information it has withheld cannot be further segregated. *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578–79 (D.C. Cir. 1996). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," and the requester must rebut this presumption with some "quantum of evidence." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007). An agency "need not disclose a redacted version of [a document] if the unredacted markings would 'have minimal or no information content.'" *Perioperative Servs. & Logistics, LLC v. United States*

*Dep't of Veterans Affs.*, 57 F.4th 1061, 1069 (D.C. Cir. 2023) (quoting *Mead Data Center, Inc. v. Department of the Air Force*, 566 F.2d 242, 261 n.55 (D.C. Cir. 1977)).

Defendants assert that "DEA conducted a line-by-line review of every record, with the exception of the voluminous patient files, state patient prescription data, and employee timecards." Def.'s Mot. at 18 (citing Margaryan Decl. ¶ 34). For these exceptions, Defendants state that "a line-by-line review (separate and in addition to the review of exemplar records that DEA did conduct) would have taken more than a century to process and would have cost millions of dollars." *Id*. (citing Margaryan Decl. ¶¶ 26–34). Defendants add that, "because the personally identifiable information [from these records] would have needed to be redacted, any remaining segregable information would have had 'minimal or no information content.'" *Id*. (citing Margaryan Decl. ¶ 53, and quoting *Perioperative*, 57 F.4th at 1068).

Pompy fails to rebut the presumption that DEA complied with its obligations to segregate nonexempt material. Pompy's argument is limited to the conclusory allegation that "substantial, material, document information remains." Pl.'s Opp'n at 17 (identifying "documents related to . . . HFPP (Healthcare Fraud Prevention Partnership) . . . [and] MANTIS, BCBSMMIC, Independence Blue Cross, Horizon Blue Cross agreements with the DEA"). As Defendants point out, "Pompy's concerns appear targeted at the adequacy of the search," and the Court has already determined that DEA's search was adequate. *See* Mem. Op., Dkt. No. 86 at 20. Moreover, Pompy has not rebutted Defendants' showing of undue burden stemming from the estimated time and expense it would take to conduct a line-by-line review of the medical records in question. *See* Mem. Op., Dkt. No. 95 at 6 ("The Court here is satisfied that Defendants have made the requisite substantial showing including approximations of time—28 years—and expense—in the millions of dollars—to search for records responsive to this part of Anand's FOIA request."). Accordingly,

the Court finds that DEA released all reasonably segregable information and shall **GRANT** Defendants' motion with respect to this charge.

## IV. CONCLUSION

In sum, the Court concludes that Defendants are entitled to summary judgment on Pompy's remaining claims pertaining to the DEA's processing of his FOIA request. Accordingly, it is hereby **ORDERED** that Defendants' [104] Third Motion for Summary Judgment is **GRANTED**. A separate order shall accompany this Memorandum Opinion.

**SO ORDERED.**

**Dated:** September 15, 2026

Colleen Kollar-Kotelly

COLLEEN KOLLAR-KOTELLY
United States District Judge